15 477
48 907

## ALBERT RUST *v.* J. M. FAUST, Sheriff.

Where a party enjoins a seizure, upon the ground, that the judgment under which it issued is null and void, because it was rendered and signed at chambers, he should deny under oath that either he or his counsel consented to the submission of the case to the Judge to be decreed at chambers, before he attempts to avail himself of the omission of the clerk to enter such submission upon the minutes of the court, or complains that it was not reduced to writing and signed by the parties and their counsel.

The signature of the Judge affixed by consent, in vacation, is a sufficient authentication of a decree in an ordinary action to authorize an execution.

The uniform practice is to issue executory process on decrees rendered and signed at chambers.

APPEAL from the District Court of the Parish of Ouachita, *Richardson*, J. *Stubbs & Jamison*, for plaintiff and appellant. *McGuire & Ray*, for defendant.

MERRICK, C. J.  " The facts of this case are mainly as follows :

" On the 1st March, 1855, *James M. Faust*, defendant in this suit, instituted a possessory action against *Albert Rust*, plaintiff in this suit, and claimed damages for the illegal detention of the property."

" On the 9th June, 1857, judgment was rendered (at chambers) in said suit in favor of *Faust* against *Rust*, for the possession of the property and for $75 damages and costs of suit."

" On the 26th July 1858, *Faust* caused a *fi. fa.* to issue on the monied part of said judgment, and also a writ of possession to be put in possession of the property."

" On the 6th August, 1858, the Sheriff seized property of *Rust*, under said *fi. fa.*, and about the same time, a copy of the writ of possession and copy of the judgment was served on *Rust*."

" This suit was filed 20th August 1858, by *Rust* enjoining *Faust* and the Sheriff from proceeding further in the execution of said *writs*, on the following grounds :

1st.  " That the judgment rendered in the case of *Faust* v. *Rust*, on the 9th June, 1857, is *null* and *void*, and should be *canceled*, because the said judgment was rendered, done and signed in chambers, when the law required that the same

should be done in open court. That there is no agreement which would authorize the Judge to decide said suit and render said judgment in chambers, and that an agreement, if ever there was one, should have been in writing and filed with the pleadings, before the Judge could render a judgment of this kind in chambers.

2d "That said judgment is void because of its *vagueness and uncertainty*. That the thing adjudged is so indefinite as that even in connection with the pleadings in the case, it would be impossible to enforce the judgment without an arbitrary discretion on the part of the officer charged with the execution of the writ."

The answer is a general denial and prayer for damages against *Rust* and his surety. The injunction having been dissolved with $50 damages, plaintiff in injunction appeals.

On the first ground of injunction we observe that the allegation, which is sworn to, is extremely guarded. It does not state that there was no agreement that the Judge should take the case under advisement and enter the decree at chambers, but that there was no agreement *in writing*, or in any other manner, sufficiently formal *to authorize* the Judge to decide the suit; hence, when the District Judge was put upon the stand to prove the agreement, his testimony was objected to, and a bill of exception reserved to its reception.

It is unnecessary to consider the bill of exception, because we are of the opinion that the allegation in plaintiff's petition is not sufficiently positive to put the defendant upon the proof of the agreement. Plaintiff, in this form of action, should have denied under oath that either he or his counsel consented to the submission of the case to the Judge to be decided at chambers, before he attempts to avail himself of the omission of the clerk to enter such submission upon the minutes of the court, or complain that it was not reduced to writing and signed by the parties and their counsel.

We observe further, that the counsel who defended the case of *Faust* v. *Rust*, and who must have been cognizant of the agreement, if made, did not bring the present suit.

We think the signature of the Judge, affixed by consent in vacation, a sufficient authentication of a decree in an ordinary action, to authorize an execution. If the judgment has been pronounced in open court, and the signature omitted by accident, we know of no law which prevents the Judge from perfecting the same by signing it in vacation. The uniform practice is to issue the executory process on decrees rendered and signed at chambers.

We see no objection to the decree on the ground of its vagueness. It awards to the plaintiff in that action, the possession " of the improvements on the northwest quarter of section 5, township 15 N. of range 4 east, known as the Hanang Improvement." Judgment is also rendered against the defendant for $75 damages. It appears to us to be sufficiently certain. See case of *Lea* v. *Terry*, 15 An. 160.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed, and that the appellant pay the costs of the appeal.