## No. 16.

### BOLIN P. GREEN vs. J. W. REAGAN, SHERIFF, ET AL.

Judicial records cannot be impeached or contradicted by verbal evidence.

A judgment can be validly rendered and signed out of term time, by consent of the parties. Morrison *vs.* Citizens' Bank *et al.*, 27 An. 401, affirmed.

Damages will not be allowed on the dissolution of an Injunction, except where the execution of a monied judgment is enjoined.

APPEAL from the Second Judicial District Court, parish of Webster Drew, J.

---

C. E. McDonald, Land & Land, R. W. Turner and J. A. Snider, for Plaintiffs and Appellees.

J. D. & J. T. Watkins for Defendants and Appellants.

The opinion of the Court was delivered by

LEVY, J. Barbara Beopple, the wife of Bolin P. Green, instituted a suit in the District Court of Webster parish for a separation from bed

and board with her said husband, for the dissolution of the community of acquets and gains, for recognition of her ownership of certain property claimed in the petition, and that certain property in the name of James B. Green be decreed to belong to the community between herself and husband, and for sale of the community property to effect a partition and for an injunction inhibiting defendant from disposing of the community or other property pending the suit.

Judgment was rendered in chambers, in the reason for which judgment it is stated, that the case "was by consent taken under advisement, judgment to be rendered in vacation." The judgment thus rendered decreed a separation from bed and board, the dissolution of the community, perpetuating the injunction, partition by sale of the community property, and recognition of the property held in the name of James B. Green as belonging to the community, and directing the Clerk of the District Court of Webster parish to file the opinion and judgment, and give notice to the parties, and "allowing the parties thirty days for taking orders of appeal, as per agreement of parties."

Under this judgment a writ, directing the sale of certain property in the possession of defendants (the plaintiffs herein), was issued and delivered to the sheriff of Webster, who proceeded to advertise the same for sale. The plaintiffs herein, therefore, brought suit, enjoining the sheriff from proceeding further in the execution of the said writ, averring the nullity of the judgment in the suit of Barbara Beopple vs. Green, No. 195, on the ground that said judgment was rendered in chambers without obtaining the consent of the defendants in said suit, but in spite of their earnest remonstrances against it being so rendered, and praying for damages in the sum of five hundred dollars for wrongful seizure of their property. The injunction was issued. There was judgment perpetuating the injunction, annulling the judgment rendered in the case of Barbara Beopple vs. Bolin P. Green et al., No. 195, District Court of Webster parish; Louisiana, releasing the property seized and restoring it to the possession of the plaintiffs. From this judgment the defendant, Barbara Beopple, has appealed.

The defendant filed a peremptory exception, alleging that the petition discovered no cause of action, which exception, from the record, does not appear to have been passed upon by the court a qua.

In her answer, the defendant alleges the validity and legality of her judgment in the original suit, avers that the minutes of the court and the judge's entry on his docket and the words and tenure of the judgment itself show that the judgment enjoined was lawfully rendered and signed, and that such court records cannot be impeached. She prays dissolution of the injunction, for damages, etc. Defendant filed a bill of exceptions to the admissibility of parol evidence to

Green vs. Reagan, Sheriff, et al.

invalidate the judicial records in this case, the judge *a quo* having over-ruled the objection made by her counsel to the introduction and ad-mission of such evidence, in the absence in the petition of allegations of fraud, error or violence.

The facts disclosed in the record in this case may be briefly stated thus:

On the 22d day of October, 1879, after the evidence in rebuttal, on the part of the defendant in the original suit, had been closed, as also that of the plaintiff in rebuttal, the following entry was made by the district judge on his docket: "By consent, this case is taken under advisement and it is agreed, that, the judgment be rendered in vacation and notices thereof and thirty days given to either party to take orders of appeal."

On the same day the following entry appears on the minutes of the court: "By consent this case is taken under advisement, and it is agreed that the judgment shall be rendered in vacation, and notice thereof served, and thirty days given to each party to take orders of appeal."

The decision rendered in the case of Taylor vs. Jones, 3 A. 631, is conclusive to our minds and the application of the sound legal principles therein laid down dispose of this case. There Chief Justice Eustis, as the organ of the Court, said: "Considering the principle elementary, that no parol evidence can be received to impeach or contradict a re-cord of judicial proceedings, it is out of place to cite authority in sup-port of it. Where would be the use of records if they were subject to be changed by the testimony of witnesses or dependent upon the treacherous memory of man? "*De fide et officio judicis non recipitur quæstio; sed de scientia sive error sit juris sive facti.*"

We think the objection to the admission of parol evidence made by the defendant's counsel in the lower court should have been sustained, and under this view we disregard the testimony of all the witnesses in-troduced by both parties. This testimony is exceedingly conflicting and after all shows the justice of the principle enunciated in the de-cision just quoted, that judicial records should not be dependent upon the "treacherous memory of man." The petition in this suit does not allege fraud, error or violence, and upon the face of the minutes, judge's docket and in the reasons for the judgment itself, the legality of the judgment rendered in chambers by consent fully appears. The min-utes are the solemn evidence of the judicial acts performed in open court, they are read and signed in open court, and one of the principal objects in reading them is to give all parties an opportunity of having them corrected if any erroneous entries are contained in them. It does not appear that any objection to their correctness was made before they

were signed. Parties in interest failed to avail themselves of the opportunity afforded them, and it would be subversive of the well grounded principles of our jurisprudence to allow what we regard as solemn judicial records to be attacked by parol evidence.

In the cases to which we are referred, viz.: 21 A. 306, 23 A. 523, 26 A. 119, it does not appear that the judgments, signed during vacation, were based upon the consent of the parties. In Morrison vs. Citizens' Bank et al., 27 A. 401, the Supreme Court held: " As to the rendition and signature of judgment out of term ,time : It was agreed that the judge who tried the case should take it under advisement and render judgment and sign it after the court should have adjourned. The parties were competent to make the agreement, and the judgment having been rendered in conformity therewith is good. The cases of Simonds vs. Leovy, 21 A. 306, and Hernandez vs. James, 23 A. 483, are not authority for the defendants. In ,neither of them had the judgment been rendered and signed in vacation by consent."

This Court has repeatedly held that damages will not be allowed on the dissolution of injunctions, except in case where executions to enforce monied judgments are enjoined. There is not such a judgment in this case, and the defendant in injunction must therefore be remitted to her right to institute suit on the injunction bond.

It is, therefere, ordered, adjudged, and decreed that the judgment herein appealed from be annulled, avoided and reversed; and proceeding to render such judgment as should have been rendered in the lower court, it is ordered, adjudged and decreed that the injunction granted by the District Court for the parish of Webster in this case be dissolved; and the right of the defendant, appellee herein, to proceed against the principal and surety on the injunction bond is reserved to her. The costs of this appeal and of the lower court to be paid by the plaintiffs, appellees.