35 | 337
117 | 978

No. 8845.

J. S. IKERD vs. E. BORLAND, SHERIFF, ET AL.

An attorney-at-law, who has been discharged by his client, cannot, against the will and orders of the latter, give bond and prosecute an appeal in his name. And an appeal so taken will be dismissed on motion of the client.

APPEAL from the Eighth District Court, Parish of East Carroll. *Delony*, J.

*Singleton & Browne* for Plaintiff and Appellant.

*F. F. Montgomery* and *J. M. Kennedy* for Defendants and Appellees.

*W. G. Wyly* and *E. H. Farrar* for W. G. Wyly, Appellant.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J. The plaintiff in this cause, with consent of other parties thereto, moves to dismiss his own appeal, alleging that all matters in controversy therein have been compromised, and that said compromise has been reduced to a final judgment in the lower court, thus ending the litigation at issue between the parties; and that after said compromise had been executed, the present appeal which had been previously applied for, from an interlocutory decree, had been consummated by the giving bond and bringing up of the transcript by W. G. Wyly, Esq., former counsel of plaintiff, without authority from him, and against his special orders and direction; like motions on similar grounds are filed by appellees.

43

W. G. Wyly, Esq., the counsel referred to, without traversing the facts stated, opposes the dismissal of the appeal on the grounds: that he has never been legally discharged as counsel of plaintiff; that his fees and costs have not been paid; that the compromise referred to was fraudulent and collusive, for the purpose of defeating his rights to compensation; that, under his contract with plaintiff, the latter had no power to dismiss his suit in the lower court or to dismiss this appeal, without first compensating him; that he had taken appeal from the judgment in the lower court dismissing plaintiff's suit, the legality whereof is thus at issue on said appeal in this Court; that he has the right to prosecute the said suit as if the compromise had never been made; and that, in exercise of such right, he brought up the present appeal; wherefore he prays that this cause be remanded to the lower court to try the issues of fact here presented, and that, after due hearing, the motions to dismiss be denied.

Fortunately, controversies of the kind here presented, between attorney and client, have rarely occurred in this State.

The right here asserted is not merely to resist the dismissal of an appeal taken by the client, but actually to take an appeal by giving bond in the name of his client against the latter's will and orders.

The lien of an attorney at common law is of a much more extensive character than in this State, and the powers exercised by courts in protection and enforcement thereof are more liberal. But, even under that system, we know of no authority supporting his right to execute bond in the name of his client against his will.

Here, the only lien or privilege securing the fees of an attorney is that upon the judgment when obtained. This Court has said in an analagous case: "we know of no law giving an attorney a privilege upon a judgment not yet in existence, and no law to compel a party to prosecute a suit to judgment, in order that the attorney may obtain and enforce a privilege on the said judgment for his professional services." Rind vs. Hunsicker, 24 An. 571.

If his client, in compromising and dismissing his suit below, has violated his contract with him, he must assert his rights to resist this breach in his own name and right, as we understand him to have done by his attempted intervention and appeal from the judgment of dismissal. He had no more right to perfect and prosecute the present appeal, by giving bond in the name of his client, than he would have had to appeal from the judgment of dismissal in the same manner.

It is, therefore, ordered that the appeal herein be dismissed at appellant's cost.