Baldwin & Co. vs. Mumford et al.

No. 8800.

## A. BALDWIN & CO. vs. C. H. MUMFORD ET AL.

Where it is apparent that an appellee can recover from a surety on an appeal bond the amount of the judgment appealed from, if affirmed, the appeal will not be dismissed owing to alleged deficiencies in the bond.

Where the proof shows that plaintiffs in attachment were authorized to entertain the fears declared in their petition, the execution of the writ can cause no damage. The verdict of a jury allowing such on a reconventional demand lacks foundation and must fall.

APPEAL from the Twelfth District Court, Parish of Grant. *Barbin,* J.

*Jno. C. Wickliffe* for Plaintiffs and Appellants.

*Thorpe, Peterman & Thorpe* for Defendants and Appellees.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The motion to dismiss contains charges that the bond of appeal is deficient.

We deem it unnecessary to inquire into them specially. It is patent from the face and tenor of the bond, which is given for one-half over the amount of the judgment and which expressly binds the surety up to that amount, should the judgment be affirmed, that the appellee, in case of such affirmance and of suit on the bond, would be entitled to recover.

The motion is denied.

## ON THE MERITS.

The plaintiffs sued the defendants for $457 and attached property belonging to them, or supposed to belong to them. On a rule to dissolve, the writ was quashed owing to an irregularity in the bond, which consisted in its not being made payable to the clerk.

There were then filed another *affidavit* and another bond. A motion to dissolve the second attachment was then taken and discharged.

This rule is not to be found in the transcript, but the District Judge and the clerk certify that it was filed on the 23d of November, tried and overruled on the following day. This is shown by the minutes.

The presumption is, that it was grounded mainly as was the first, which charged the untruth of the allegations of fact on which the writ was granted. It appears that much testimony was adduced on the trial of the case thus presented.

The brief entry on the minutes is to the effect that the motion *was overruled.*

The defendants, Mumford & Pirtle, who were represented as com-

mercial partners, composing the firm of C. H. Mumford, answered separately.

Mumford denied any liability to plaintiffs, charged that the attach-ment proceedings were wrongful, illegal and malicious, and had caused him $7,500 damages, which he pleaded in *compensation* and reconvention. He concludes by praying for a jury, and that plaintiffs' demand be rejected; also, that they be condemned to pay him the amount of damages claimed.

Pirtle denied any liability, averring that he never was a partner of Mumford, that he was a mere clerk interested in the profits, without any responsibility for debts and losses.

The jury rendered a verdict for $3,000 in favor of Mumford, less plaintiffs' claim. The court thereupon rendered judgment *in solido* against Mumford & Pirtle for the amount sued for, and condemned plaintiffs to pay three thousand dollars to Mumford, less plaintiffs' claim, and dissolved the attachment.

From this judgment against them the plaintiffs have appealed.

On the trial of the case plaintiffs introduced evidence to sustain their claim, and the case being with the defendants, testimony was offered to prove the damages alleged to have been sustained in consequence of the wrongful issuance and execution of the attachment.

Whereupon, plaintiffs objected, on the ground that the court having overruled the motion to dissolve the attachment, the legality of the issuance thereof could not be inquired into by the jury, but the court discarded the objection and allowed the evidence to be introduced. To this ruling the plaintiffs reserved a bill.

We do not consider it necessary to pass upon the bill.

A review of the testimony adduced in justification of the apprehensions of the plaintiffs, rendering an attachment necessary for the protection of their rights, satisfies us that, under the circumstances disclosed, the plaintiffs were authorized to entertain the fears which inspired the application for the conservatory process.

They show that he was insolvent; that he had put away some hides of his in the warehouse of another party, when he had one of his own; that he had likewise placed some cotton of his; that he had shipped some cotton, denying having done so; that he had told plaintiffs' attorney that he would pay certain named creditors in full before he would pay any others; that he had taken advice about disposing of his goods in a summary way, and that for thus acting he offered no satisfactory explanation.

If the jury had the right, under the proof adduced, to revise the ruling of the Judge, it is clear that they erred in deciding differently from what he did.

The attachment, then, having properly issued, the execution of it could cause the defendants no injury. If they suffered, it is *damnum absque injuria.*

The judgment in favor of plaintiffs against defendants not being within our appellate jurisdiction, is not reviewable by us and, therefore, remains undisturbed.

The verdict of the jury on the reconventional demand has no foundation upon which to stand, and the judgment upon it must fall.

It is, therefore, ordered and decreed that the said verdict be set aside, and that the judgment upon it, condemning plaintiffs to pay to the defendant, Mumford, three thousand dollars and dissolving the attachment, be reversed.

It is now ordered and decreed that there now be judgment rejecting the reconventional demand herein, with judgment thereon in favor of Baldwin & Co., with costs in both Courts.

Todd, J., dissents on the motion to dismiss, and concurs in the decree on the merits.