# Benjamin A. Van Schaick et al., Plffs. in Err., *v.* Harry Wannemacher.

Verdict for servant in action against master for breach of contract, sustained.

(Decided February 1, 1886.)

Error to the Common Pleas, No. 1, of Philadelphia County to review a judgment for plaintiff in an action for breach of contract. Affirmed.

*Crawford & Dallas* and *Thomas J. Diehl* for plaintiffs in error.

*William W. Porter* and *James C. Jaquett* for defendant in error.

NOTE.—Prima facie the servant wrongfully discharged may recover the amount which would have been received but for the breach of contract. King v. Steiren, 44 Pa. 99, 84 Am. Dec. 419; Fereira v. Sayres, 5 Watts & S. 210, 40 Am. Dec. 496; Schnuth v. Aber, 13 Pa. Super. Ct. 174. While he is bound to use due diligence in securing other employment, the burden is on the defendant to show that this was not done. Emery v. Steckel, 126 Pa. 171, 12 Am. St. Rep. 857, 17 Atl. 601. If other work is secured its value may be used to reduce the amount due for the breach. Heyer v. Cunningham Piano Co. 6 Pa. Super. Ct. 504, 42 W. N. C. 14; Garsed v. Turner, 71 Pa. 56. And this has been held to be true where wages are earned, but not paid. Stewart v. Walker, 14 Pa. 293. If the action be brought before the expiration of the term, the jury must take into consideration what the plaintiff could earn during the unexpired term. Rightmire v. Hirner, 188 Pa. 325, 41 Atl. 538.

Per Curiam:

There is no error in the rulings of the court as to the law applicable to this case. It depended on the finding of facts. They were well submitted to the jury, and no cause.for disturbing the verdict is shown.

Judgment affirmed.