40 277
46 422

40 277
117 978, 961

No. 10,145.

PEOPLES' BREWING COMPANY VS. JOHN BŒBINGER ET AL.

Under the rules of the Civil District Court an injunction proceeding against the execution of a judgment is filed and treated as part of the suit in which the judgment enjoined was rendered. In such a case, after judgment rendered in the injunction proceeding, where neither appeal requires any bond except for costs, appeals from both judgments may be well taken under one order and one bond fixed by the court. 30 Ann. 801; 36 Ann. 963.

Inaccuracies in an order or bond of appeal in describing the judgments appealed from will not invalidate the appeal if the description contains statements sufficient to identify the judgments referred to.

Defendants were sued to deliver a list containing subscriptions of various parties to 800 shares of the stock of plaintiff corporation of the face value of $50 per share, and in default of such delivery, for judgment condemning them to pay the value of said list.

Held, that the utmost consequence which the law could attach to defendants' default in non-delivery of the list could not exceed a personal obligation to discharge the liabilities of the subscribers in accordance with the terms of their subscriptions; and that a judgment condemning them to pay $40,000 cash on such default, where the subscriptions were on terms of credit, and without recognizing or reserving their right to receive the stock subscribed for, is manifestly insupportable.

The foregoing robs the injunction proceedings of all significance.

APPEAL from the Civil District Court for the Parish of Orleans. Tissot, J.

*Branch K. Miller* for Plaintiff and Appellee.

*J. Q. A. Fellows* for Defendants and Appellants.

### MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J.   The plaintiff, alleging itself to be a corporation, obtained and confirmed a judgment by default against the defendants condemning them to deliver up certain subscription lists within 24 hours after the judgment should become final, and in default of such delivery within said time, to pay to plaintiff $40,000, with right to execution for said sum at the expiration of the delay without delivery of the lists.   The judgment was signed on December 16, 1887, and on January 7, 1888, *fi. fa.* was issued under which the sheriff was proceeding when arrested by an injunction issued on the petition of defendants.

The petition for injunction denied the corporate existence of plaintiff, and made its alleged president, E. Ehrensing, a party individually, together with the sheriff.   In this latter proceeding judgment was rendered dismissing the action and dissolving the injunction.

Under the rules of the Civil District Court, injunction proceedings to enjoin the execution of judgments are "treated as parts of the original suits out of which they arise," and are "docketed and numbered as parts of such suits."

Hence, desiring to appeal from both the original judgment and that in the injunction proceeding, defendants applied for and obtained a single order of appeal from both, directing the furnishing of a single bond fixed at $250, which was executed, and under these proceedings the appeal is brought up.

Various grounds are assigned for dismissing the appeal, which, however, may be summarized as follows :

1.   That the two appeals could not be embraced in one order of appeal or supported by a single bond.

We think the appeals are fully protected by the equitable rule announced in Succession of Clark, 30 Ann. 801, and affirmed by the present bench in Succession of Geddes, 36 Ann. 963.   Under the rules of the Court, both judgments were rendered in the same suit; the two judgments were so closely related to each other that the ends of justice will be advanced by considering them together.   The first judgment is appealed from only devolutively, and the second did not condemn the appellants to pay any money or deliver anything.

Therefore, a bond for costs was all required in either case, and as said in Clark's case, " the costs are as fully secured by one bond with sufficient security in a sufficient amount as by any number of bonds."

So far as the distinctness of parties is concerned, it is more apparent than real.

The sheriff is a nominal party without interest and need not be considered.

It is evident that Ehrensing is enjoined as the party representing the original plaintiff in executing the judgment, and the only reason why he is not sued in the capacity of president of the Brewing Company is because defendants expressly deny the corporate existence of said company.

The suggested difficulty of adjusting the costs under one bond for two separate judgments was considered and disposed of in Clark's case. The only effect of separating the appeals would be to increase the costs.

2. It is claimed that both the order and bond of appeal are defective for want of sufficient description of or reference to the judgments appealed from. We have examined the order and bond and find that both give correctly either the date of rendition or the date of signature of each judgment in such manner as fully to identify the judgments referred to. Pasley vs. McConnell, recently decided.

The motion to dismiss is, therefore, denied.

---

### On the Merits.

As appears from our opinion on the motion to dismiss this appeal is taken from two judgments, which we shall consider separately.

### I.

The substance of the petition, on which the first judgment was rendered, is that the defendants Bœbinger and Auer had obtained subscriptions to the stock of plaintiff company to the amount of 800 shares of the par value of fifty dollars each, and that the list of said subscriptions had been delivered into the possession of plaintiff's secretary; that subsequently said Bœbinger and Auer had obtained possession of said list, through certain false pretenses, and had refused to return the same; that said list was of the value to petitioner of $40,-000, and judgment was asked condemning said defendants to deliver said list within 24 hours from finality of judgment herein, in default of which that they be condemned *in solido* to pay to petitioner the sum of $40,000. Judgment by default was taken and confirmed according

to the prayer of the petition. A new trial was applied for and refused, and after the lapse of 24 hours from the signature of the judgment execution was issued against defendants for $40,000.

We need not go further than to say that the alternative part of the judgment cannot be sustained. The allegations of the petition and the evidence on which the default was confirmed show that the list contained subscriptions by unknown persons to stock of the company to the amount of, say, $40,000, payable only as the price of 800 shares of the stock of said company, to be delivered to the subscribers on such payment, and payable only partly in cash and partly at certain deferred periods. Manifestly the utmost consequence which the law could attach to the defendants' abstraction and non-delivery of the list could not exceed a personal obligation to discharge the liabilities of the subscribers thereon in accordance with the terms of their subscriptions and the list could not have a greater value to petitioner or to anybody else than would result from such discharge. A judgment condemning them for such a default to pay $40,000 *cash*, and without even a reservation or recognition of their right to demand and receive a corresponding amount of stock, is certainly unsupported by any consideration of law or equity.

We decide and even express an opinion upon no other question in the case except that the judgment *as* rendered cannot be maintained, not even suggesting whether any other, or what other, judgment might have been rendered. We think the ends of justice require that the judgment should be reversed and the case remanded for further proceedings according to law upon the default taken and without prejudice to the rights of defendants to set the same aside on filing answer.

### II.

The foregoing decision robs the injunction proceeding from the judgment in which appeal is also taken, of all significance. We need not consider or disturb it.

It is therefore ordered, adjudged and decreed that the judgment confirming the default rendered on December 2, and signed on December 16, 1887, be and the same is hereby reversed and set aside, and that the case be remanded to the court below for further proceedings on the default taken without prejudice to the rights of defendants to set the same aside on filing answer.

It is further ordered and decreed that the judgment in the injunction proceeding be affirmed—costs of appeal to be divided between appellants and appellee.