Pasley vs. McConnell.

## I.

---

### No. 10,068.

JOHN PASLEY vs. ANN McCONNELL.—ANN McCONNELL vs. JOHN PASLEY.

#### (Cumulated.)

Inaccuracies in a motion of appeal, in the bond and in the certificate of the clerk, amounting at most to clerical errors, are not sufficient to justify the dismissal of an appeal, if the proceedings are otherwise sufficient to identify the appeal with the judgment complained of, with legal certainty.

The rights of litigants cannot be jeopardized by slight inaccuracies of their counsel, or by the incompetency of clerks.

In furtherance of the ends of justice, a case will be remanded to enable a plaintiff to amend
so as to set forth more explicitly his cause of action.

A judgment in a case in which a cause of action was not set forth, because it had then no
existence, cannot constitute *res judicata.*

APPEAL from the Civil District Court, Parish of Orleans.
*Voorhies* J.

W. S. *Benedict,* H. C. *Cage* and D. B. H. *Chaffe* for Plaintiff and
Appellant.

J. *Timony* and J. *Magoni* for Defendant and Appellee.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J.   The grounds of the motion will be better understood by
a reference to the proceedings which preceded and led up to the
judgment appealed from.

Pending a devolutive appeal to this Court from a large moneyed
judgment rendered against the defendant in the suit entitled "Ann
McConnell vs. John Pasley," execution was issued, and the plaintiff in
suit became the adjudicatee of considerable property seized in said
execution.   On trial of the appeal, the final judgment of this Court
reduced very materially the amount of the judgment appealed from,
in fact to a sum less than one-half of the price of adjudication of the
property of the seized debtor to the seizing creditor.

John Pasley then brought a suit for the nullity of the sale in execu-
tion of his property as hereinabove stated, but he was defeated.   38
Ann. 470.

He then had recourse to another action, with the object of enjoining
Mrs. McConnell as purchaser, and her transferrees, of the property in
question, from interfering with said property, which he therein claimed
as his own, and from taking possession thereof.

This is the suit hereinabove, entitled "John Pasley vs. Ann
McConnell," No. 18,001, Division "B," to which it had been allotted
as an original suit.

In that court, the cause was on an exception to the jurisdiction of
the court, transferred to Division "C," where the original suit was
pending, and of which the present action was held to have been an
incident; a proceeding to regulate the execution of the judgment.
In the latter court it was *cumulated* with the original suit, and it was
dismissed on an exception of *res adjudicata.*

The present appeal was taken from that judgment.

## I.

In drawing their motion of appeal, counsel for appellant headed it with the title of the suit entitled and numbered, "John Pasley vs. Ann McConnell, No. 18,001," only; and that incident furnished the first ground of appellee's motion to dismiss.

It would unquestionably have been safer and more regular for counsel to have adopted the identical title which headed the judgment appealed from, and which heads the opinion; but that irregularity is not sufficient to vitiate the motion or the order of appeal, as both leave no doubt as to the precise judgment from which the appeal was intended.

Both titles appear defective and illogical. Either the new proceeding was a part or an incident of the main or original suit, or it was an independent original action. If the former, then the new title should have been dropped or merged in the original suit; if the latter, then the *cumulation*, as it is called, was erroneous. But neither error could in justice be attributed to appellant.

His motion conveys all the information necessary to identify his appeal with the judgment complained of.

## II.

From appellant's petition it appears that there were several defendants in his proceeding, and hence in some parts of the record his action is entitled "John Pasley vs. Ann McConnell *et als.*," whereas, in his motion, he omitted the words *et als.* That is the subject of the second ground of the motion to dismiss, whence it is argued that all the defendants have not been cited.

But the motion was made in open court, and therefore no citation was needed; and all parties to the proceeding, who were not appellants, became appellees, if there was an appeal at all; and we have already shown that the motion was substantially sufficient to bring up the appeal. It cannot be destroyed by a clerical error.

## III.

It is next contended that the appeal bond is radically defective, because it recites that the appeal is taken from the judgment in the suit of John Pasley vs. Ann McConnell, No. 2452, an entirely different suit from that described in the motion and in the order of appeal.

In this assertion appellees are mistaken; the recital is as follows: "Whereas, the above bounden John Pasley has this day filed a motion of appeal from a final judgment rendered against him, in the suit of John Pasley vs. Ann McConnell et als., No. 2452, Civil District

Court, cumulated with No. 18,001 of the Civil District Court for the parish of Orleans. on the 30th day of May, 1887, and signed on the 3d day of June, 1887."

Hence it appears that the only error of the recital consists in transposing the numbers of the two proceedings. But otherwise the bond is fully identified with the motion of appeal and with the judgment appealed from. The irregularity is not of such gravity as to defeat appellees in an action on the bond.

### IV.

The fourth and last ground of the motion rests on a complaint levelled at the clerk's certificate, in which he erroneously makes " John *McConnell* defendant in the suit in which " Ann McConnell" is plaintiff; but the certificate recites that the transcript refers to a judgment rendered in matters numbered respectively Nos. 18,001 and 2452.

That is sufficient to show that there was merely a clerical error in one of the titles, especially as one of the suits is correctly described. The whole record is a bungle, in which one error is engrafted on another, but none sufficient to justify the dismissal of the appeal. Courts can and must deplore such careless and inartistic work emanating from officers whose labors should be characterized by neatness and precision, but they are forbidden by a sense of justice to deny the rights of an appellant, on account of the inaccuracies of his counsel, or of the unpardonable negligence or ignorance of a ministerial officer. Eschert vs. Harrison, 29 Ann. 860; Granger vs. Reid, 36 Ann. 845.

It is, therefore, ordered that the motion to dismiss this appeal be overruled at the costs of appellees.

Todd, J., absent.

### ON THE MERITS.

BERMUDEZ, C. J. The only question to be decided in this controversy is, whether the adjudication made by the sheriff to Mrs. McConnell of certain property in the name of John Pasley, in 1883, shall or not be rescinded, on account of non-payment of the price, $9500.

Mrs. McConnell contends that John Pasley's petition discloses no cause of action, and that his right to ask the nullity of the sale, was finally adjudicated upon adversely to him, and that the matter is forever finally set at rest.

From a judgment sustaining those defenses, Pasley has appealed.

It is unnecessary to state the nature of the differences of the parties. They are of long standing and may be gathered from the opinions of this court to be found in 36 Ann. 703, 986; 37 Ann. 552, and in 39 Ann. p. —.

For the purposes of the present litigation it will suffice to make the following statement:

In 1882, while Mrs. McConnell held a judgment for $14,660.59 against Pasley, and while the case was pending in this court on a devolutive appeal, Mrs. McConnell caused property of Pasley to be seized and offered for sale and became the adjudicatee thereof for $9500.

Subsequently the judgment, to satisfy which the sale had been made, was reduced to $2980 by this court.

Taking advantage of the word *reversed*, found in the decretal part of the judgment making this reduction and acting on the theory that by the *reversal* of the judgment for $14,660.59, the adjudication made in execution of it was a nullity, Pasley brought suit to have that adjudication annulled, but failed in his attempt. This Court maintained the adjudication, but recognized Pasley's rights to recover eventually the excess of the price over the amount of Mrs. McConnell's reduced judgment.

The concluding portion of the opinion reads:

"As this action presents no feature of a claim for the price, or of the resolutory action for its non-payment, but seeks solely the nullity of the adjudication, we have no occasion to discuss such question now, or the rights of Mrs. McConnell's transferrees. We simply determine that the present action cannot be maintained." 38 Ann. 476.

In the course of other controversy between the same parties, this Court subsequently said, alluding to the decision just mentioned:

"There was no express reservation to plaintiff (Pasley) of the right to sue for the rescission of the sale for non-payment of the price of adjudication of the property or for the surplus of the proceeds of sale; but there is, in our opinion, a clear intimation to the effect that suit of either character might be brought." 39 Ann. p. —.

Grounding himself upon what had thus been said, Pasley brought the present proceeding for the rescission of the sale for the non-payment of the price of adjudication.

He has joined as parties to the suit certain persons, the children of Mrs. McConnell, to whom he alleges that, for the purpose of preventing him from recovering the property, Mrs. McConnell has made a simulated title.

It is to this action that Mrs. McConnell and her co-defendants have set up the exceptions of *no' cause of action* and of *res judicata*.

Pasley vs. McConnell.

## I.

There is no doubt that the petition does not set forth expressly, so as to repel any misconstruction, what is really the cause upon which the relief sought is demanded; but, from the circumstance that the plaintiff has averred the judgment invoked as *res judicata* and has annexed a copy of it to his petition, it may be inferred that the cause of action is, that the plaintiff has called upon the defendant for the payment of the excess of the price of adjudication and that the defendant has refused to pay it.

Under the opinion and decree in the case alluded to, this was the only relief left the plaintiff.

## II.

The suit resting on such a cause of action, it is clear that as this cause had not previously been averred, it could not be and was not passed upon by the judgment invoked to constitute *res judicata*.

Under the circumstances, we think that, in furtherance of the ends of justice, the case ought to be remanded to enable the plaintiff to state specifically that payment of the excess of the price of adjudication has been demanded and declined.

It is therefore ordered and decreed that the judgment appealed from be reversed; and it is now ordered and decreed that the exceptions be overruled, and that this case be remanded, with leave to plaintiff to amend his petition in accordance with the views herein expressed and to be further proceeded with according to law, appellees to pay costs, from the filing of the exceptions including those of appeal, future costs to abide the final determination of the suit.