(42 South. 473.)

No. 16,008.

JOHN M. PARKER & CO. v. SUCCESSION OF GRIFFIN.

(Nov. 26, 1906.)

1. COURTS—SUPREME COURT—JURISDICTION.

The appellee moved in this court to have his appeal to this court transferred to the Court of Appeal for want of jurisdiction. The appellant having selected this tribunal to take his appeal, if transferred, it would have to be done ex proprio motu. This court has jurisdiction. The motion is overruled.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 617.]

2. APPEAL—BOND—SUFFICIENCY.

Relative to motion of appellee to dismiss on the ground that the appeal bond is irregular, and does not contain the proper conditions.

It contains sufficient recitals for all purposes of an appeal bond.

3. SAME—RECORD—VERITY.

The second motion of appellee to dismiss is upon the ground that the transcript was not filed in time.

It is not shown by sufficient evidence that the order of appeal was not properly dated as set forth in the transcript. The date of the order of appeal (fourth Monday of February, 1906) cannot be changed by ex parte statements.

4. SAME—CLERK'S CERTIFICATE.

Though not given strictly according to law, it is not shown wherein the appellee is prejudiced by it. Appellee has not moved to dismiss the appeal on this ground.

(Syllabus by the Court.)

Appeal from Eighth Judicial District Court, Parish of Franklin; David Newton Thompson, Judge.

Action by John M. Parker & Co. against the succession of T. M. Griffin, deceased. Judgment for plaintiff, and defendant appeals. Affirmed.

Charles Lavendar Berry, for appellant Mrs. Maggie A. Smith, administratrix. William Andrew Collins (Madison & Madison and Ellis & Dorsett, of counsel), for appellee.

BREAUX, C. J. There is a motion made by the appellee to dismiss the appeal on the ground that the appeal bond is irregular and does not contain the proper condition.

The execution of the bond was for a devolutive appeal.

The condition which is expressed in the bond is as follows:

"Now, therefore, if the said defendant shall well and truly prosecute said appeal and pay said sum, then in such case this bond shall be null and void."

The appellee urged that the bond does not contain the condition that the same shall be satisfied by the proceeds of the sale of his estate, real and personal.

A bond may be legal without the foregoing condition. Guion v. Creditors of the Succession of Guion, 19 La. Ann. 81; Byrne v. Riddell, 4 La. Ann. 3.

A devolutive appeal bond, containing sufficient recital to identify it with the judgment, is good.

It is protected by the equitable principles laid down in the following decisions; Glover v. Taylor, 38 La. Ann. 634; Pasley v. McConnell, 40 La. Ann. 609, 4 South. 501; Brewing Co. v. Boebinger et al., 40 La. Ann. 277. 4 South. 82.

A surety is bound for the amount of the bond as fixed by the court. This has been held sufficient. Baldwin & Co. v. Mumford, 35 La. Ann. 348; Ikerd v. Borland, 35 La. Ann. 338.

Next in the order of the proceedings a motion is filed to dismiss the appeal on the ground that the transcript was filed after the return day.

The record shows that the fourth Monday in February was fixed as the return day, and that the transcript was filed within that time.

There in an interlineation in the transcript. The entry in the order of appeal was changed and the fourth Monday of February was substituted for the second Monday.

If the latter is correct, then the record was not filed in time.

But we have no means of determining that the second Monday was improperly erased and the fourth Monday substituted.

In the absence of all evidence upon the subject, we take the record as it reads after the interlineation. We will not assume that some one has undertaken to change the order of appeal.

The following decisions on the subject are pertinent: State v. Schellang, 34 La. Ann. 350; Green v. Reagan, 32 La. Ann. 974; Mann v. Mann, 33 La. Ann. 352; Weil Insurance Co. v. Levi et al., 40 La. Ann. 135, 3 South. 559; Gaither v. Green, 40 La. Ann. 362, 4 South. 210.

It follows that this motion also must be overruled.

The next contention of the appellee is that the clerk's certificate attached to the record is defective.

The clerk's certificate shows that the numbered pages as given contain "a full, true and correct record of transcript of all the pleadings in the suit 4369, John M. Parker & Co. v. T. M. Griffin, including the petition, notes and accounts sued upon, the amended petition and citation and answer, exception, note of evidence on trial of exception, note of evidence on trial of case, with all of the endorsements thereon, the judgment of the court and minutes of the court and the appeal bond with all the endorsements thereon."

The complaint is that the "certificate merely shows that the record contains all of the pleadings," but does not show that it contains "all of the evidence" adduced.

The appellee further contends that this is not merely a technical defense, but a matter involving the substance of plaintiff's case.

That the entire record of the Succession of T. M. Griffin, referred to in the petition as being part thereof, should form a part of the transcript, and that, if it were a part of the transcript, it would be made evident to the court that plaintiff and appellee has been to considerable trouble and litigation in the courts to compel the legal representative of that succession to properly account, and that, in consequence, plaintiff was surely entitled to the commission of 10 per cent. for attorney's fee.

That is not our view. True, the succession papers were annexed to the petition, but in order to have them copied in the transcript they should have been specially offered and noted as evidence offered on the trial of the case.

If there was necessity for this evidence, then it should have been specially offered.

The opposing party is entitled to know what documents are to be considered as before the court on the trial, and the mere fact that a succession record is referred to as forming part of the petition does not place it before the court contradictorily with the opposing party in the manner required by the rules of practice. It should have been offered in evidence.

We, therefore, do not think that the appellee has good cause of complaint on the ground of the insufficiency of the clerk's certificate.

### On Motion to Transfer.

Appellee seeks to have the case transferred to the Court of Appeal on the ground that the court to which the appeal was taken—this court—is without jurisdiction.

The court would, if it declined jurisdiction, decline it on its own motion.

The notes sued on were for an amount over the lower limit of this court's jurisdiction.

The right to bring the suit was on the notes, else the plaintiff had no right at all to stand in judgment. The question related to the whole of plaintiffs' claim, for

they had the right to bring suit for the principal of the notes and the interest due thereon to the date of payment.

The representative of the maker declined to approve or to acknowledge either as due.

The motion to transfer is denied.

The serious question related to interest on notes due and to 10 per cent. commission for fee of attorney.

The defendant, as the legal representative of the Succession of T. M. Griffin is indebted to plaintiff in the sum of two notes and interest thereon.

In December, 1903, plaintiff forwarded statement of account to defendant, showing the amount of her indebtedness as administratrix to that date.

The matter, as we understand, remained in abeyance until the following November, when plaintiff forwarded these two notes to the defendant for her approval. He, in addition, claimed the interest which had accrued since he sent the statement before mentioned and fee of attorney.

She then approved the account first mentioned, dated December, 1903, as above stated, but she declined to approve the notes as due by the succession. She also declined to pay the additional interest thereon that had accrued since the statement was sent, and declined to pay the 10 per cent. attorney's fees.

She insisted that she would pay, in due course of administration, the account that she had approved, but made no offer at all to pay it, whereupon plaintiff brought suit for the amount of his claim, interest, and 10 per cent. attorney's fees.

The defendant having absolutely refused to pay anything but the account of December, 1903, the plaintiff could sue upon his notes to compel her approval. He was entitled to an approval of all principal and interest due.

She defended the suit on the ground that she could not be sued on these notes; that her indebtedness was confined to the account of 1903, which she had acknowledged.

This was not in itself a sufficient defense. She had bound herself to pay these fees of attorneys in case of suit. It devolved upon her to take such steps as to render it impossible for the holder of the notes to recover the commission in question.

Under the facts and circumstances, we do not think that she is entitled to relief at our hands.

Parties must be held bound as they have chosen to bind themselves.

She, by the terms, was amply warned that her opposition to payments or failure to pay or to approve notes and all interest due might result in an additional indebtedness for fee of attorney, as that was the stipulation in event of a suit.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.

### On the Merits.

Judgment. An exception, in substance, of no cause of action was overruled, and a judgment by default was confirmed in the district court.

The plaintiffs were entitled to an acknowledgment of their notes and interest due to date. The defendant should have acknowledged them and interest to date, less the 10 per cent. if she did not owe it.

This she did not do, and stood on the defense that a prior acknowledgment sufficed, which was not a full acknowledgment.

Default was properly confirmed in the district court.