(44 South. 797.)

No. 16,600.

MORGAN'S L. & T. R. & S. S. CO. v. STEWART.

(May 27, 1907. On the Merits, Oct. 21, 1907.)

Appeal — Dismissal — Irregularities in Bond.

Where the appeal bond is sufficiently identified with the judgment appealed from, and the erasures and interlineations complained of are such as could not affect the liability of the surety, the appeal will not be dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 2050.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by Morgan's Louisiana & Texas Railroad & Steamship Company against Henry I. Stewart. Judgment for defendant, and plaintiff appeals. Motion to dismiss overruled.

Denegre & Blair and Henry Hansell Chaffe, for appellant. Lazarus, Michel & Lazarus, for appellee.

On Motion to Dismiss Appeal.

MONROE, J. Plaintiff brought this suit, alleging that Henry I. Stewart, conspiring with one or more of its employés, had obtained from it $36,783 by means of fraudulent vouchers; that he had left the state permanently, etc.; and praying for an attachment. It then amended its petition, and alleged that it had learned that the person whom it had supposed to be Henry I. Stewart was in

fact Rudolph Fink Garner, one of its employés, who had drawn the fraudulent vouchers in question, and having forged the names of other employés, had obtained the money on said vouchers in his character as Henry I. Stewart, and it prayed for an attachment against Garner. It then filed a supplemental petition, alleging that, whether Stewart and Garner are two persons or one, it is entitled to judgment (with privilege on the property which, by that time, had been attached in both names) "against Rudolph Fink Garner, alias Henry I. Stewart, if the identity of the two be established * * * and * * * against Henry I. Stewart and Rudolph Fink Garner in solido, if such identity be not established."

Garner, through his attorney, moved to dissolve the attachment, on the ground that the cause of action stated arising ex delicto, no attachment lies, and there was judgment, signed April 5, 1907, sustaining the motion. Plaintiff thereupon appealed, and defendant moves to dismiss the appeal on the grounds: (1) "That the appeal is * * * without bond;" (2) that if it should be held "that the bond furnished in the above numbered and entitled cause is operative as a bond of appeal from the judgment dissolving the attachment against mover, Rudolph Fink Garner, then that said paper so furnished is not a good and sufficient bond in law, inasmuch as the same is upon its face altered and mutilated, dates interlined, and names of parties inserted in said bond, written and subsequently stricken out, without any explanation or addendum upon said bond that said interlineations or erasures were made before the signing of said bond with the consent of the surety, or, if made after the signing of said bond, were made with the said surety's consent and approval, and that said bond is not such a bond as the law requires in order to effect an appeal from the judgment complained of."

The motion for appeal is as follows:

"Morgan's Louisiana & Texas Railroad & Steamship Co. v. Rudolph Fink Garner, alias Henry I. Stewart.

"No. 81,922. Civil District Court, Parish of Orleans.

"On motion of * * * counsel for plaintiff herein, and on suggesting to the court that there is error to the prejudice of plaintiff in the judgment herein rendered on the fifth day of April, 1907, dissolving the writ of attachment herein issued against Rudolph Fink Garner on the first amended and supplemental petition, that said judgment is contrary to the law and will cause plaintiff irreparable injury, and that plaintiff desires to appeal suspensively therefrom to the Supreme Court of the state of Louisiana, it is ordered that a suspensive appeal from the said judgment be granted to * * * plaintiff herein, returnable to the Supreme Court * * * on the third Monday of April, 1907, upon plaintiff's furnishing bond, with good and solvent security, in the sum of $200, in the form and conditioned as required by law."

The bond, filed upon the following day, is upon the printed form used in such cases, and, so far as it need be quoted, reads:

"Know all men by these presents that we, Morgan's Louisiana & Texas Railroad & Steamship Co., as principal, and Joseph P. Blair, as surety, are held. * * *

"Whereas, the above bounden Morgan's Louisiana & Texas Railroad & Steamship Company have on (this day) the fifth day of April filed its motion of appeal from a (final) judgment rendered against it, the Morgan's Louisiana & Texas Railroad & Steamship Company, in the suit of the Morgan's Louisiana & Texas Railroad & Steamship Co. versus (Rudolph Fink Garner, alias) Henry I. Stewart, No. 81,922 of the Civil District Court, * * * on the fifth day of April 1907, and signed on the —— day of ——, 190—.

"Now the condition of the above obligation is such that the above bound Morgan's Louisiana & Texas Railroad & Steamship Company shall prosecute its suspensive appeal; * * * otherwise, the said Joseph P. Blair shall be liable in its place."

"[Signed]    Morgan's La. & Tex. R. R. & S. S. Co.,

"By M. B. Bergeron, Sec. & Treas.
"Joseph P. Blair."

The printed words "this day" have a line drawn through them, and the words "the fifth day of April" are interlined, the word "final" is erased (from the printed form), and the name and word "Rudolph Fink Garner, alias," originally written in the bond, are erased.

After the filing of the supplemental petition, in which plaintiff alleges that it has reason to believe that Stewart and Garner are one and the same person, the papers filed in the case are given different captions, in some of which the name of Stewart alone appears, in others the name of Garner, and in still others the name of Garner, with that of Stewart added as an alias. They, however, all bear the same number, and otherwise (from their contents) show that they were filed in the same suit, with which suit the bond is similarly identified; and this identification, and the identification of the bond and motion of appeal with the judgment appealed from, being otherwise perfect, the interlineations complained of are immaterial, and could not affect the liability of the surety, the more particularly as he appears to be one of the counsel by whom the appeal was lodged in this court. People's Brewing Co. v. Boebinger, 40 La. Ann. 277, 4 South. 82; Pasley v. McConnell, 40 La. Ann. 609, 4 South. 501; Baldwin v. Mumford, 35 La. Ann. 348.

The motion to dismiss is therefore overruled.

### On the Merits.

PROVOSTY, J. This case has already been decided in the case of same title No. 16,601 (44 South. 138[1]); and for the reasons assigned in that appeal the judgment of the court herein is set aside, and the attachment herein is reinstated, and the cause is remanded to the district court, to be proceeded with according to law. Costs to be paid by appellee.

[1] Ante, p. 392.