John Bergstrom

vs.

Henry Spellman.

No. 7708.

October 23d, 1919.

CHARLES F. CLAIBORNE, JUDGE.

On motion to dismiss.

From a judgment against him, the plaintiff on June 26th. obtained an order for a devolutive appeal returnable to this Court on July 22d, 1919. He filed his appeal bond in the District Court on July 23d, 1919 and filed his transcript in this Court on July 24th.On July 28th, 1919, the defendant and appellee moved to dismiss this appeal on the following grounds:

1o  "that the bond herein was filed the day after the appeal was made returnable;"and

2o  "that the bond filed herein is inconsistent with the motion of appeal filed herein".

~~The appellant has made no appearance.~~

1o  The appellee has filed a brief, but has quoted no authority in support of his motion. Although the order made the appeal returnable on July 22d, yet under the jurisprudence, *inclusive within which* the appellant had until July 25th, to file his transcript. It has been held that the appeal will be maintained provided the bond be filed at any time before the return day allowed by law. Glover vs. Taylor, 38 A., 634. In the case of Bouligny vs. White, 5 A., 31, the appellant obtained an order for a devolutive appeal returnable on May 7th; the appeal bond was filed May 10th, and the transcript May 12th, or within three judicial days after the return day fixed in the order. The Supreme Court decided that the bond had been filed in time inasmuch as it had been filed within the three judicial days of grace allowed by law after the return day. Also 14 A., 201.

An appeal bond is in time if filed on the last day on which the record could be filed. 1 La. Dig. p 433; Foreman vs. Francis; Bryan vs. Lange, Manning's Unrep. Cas., 337, 341.

2o   The inconsistency between the motion of appeal and the bond is said to be establi hed by the recital in the bond, dated and filed July 23d, th t the appellant has "this day filed a levolutive appeal", wh le the appeal was taken June 26th, but the bond thereby r fers to another order of appeal, and that the two are not i entified the one with the other.   There was only one order of appeal and one bond filed in this case, therefore, there can be no doubt that the only bond filed was furnished in accordance with the only order granted.   The bond is otherwise identified with the order by the number and title of the suit, the names of the parties and of the surety, the **date** of the judgment and the amount of the bond fixed by the order of Court.   It has been held that where the appeal bond is sufficiently identified with the judgment appealed from the appeal will not be dismissed 'on account of erasures and interlineations which cannot affect the liability of the surety.   119 La., 961.

"An error in the recital of the date of the judgment appealed from will not vitiate the appeal bond, the judgment being otherwise unmistakably identified".   111 La., 766.

Motion to dismiss denied.

October 23rd, 1919.