HAWTHORNE, Justice.
 

 Plaintiff instituted this suit to have decreed null and void his marriage to Clair Rodemann Mayer, alleging that the said Clair .Rodemann Mayer was at the time of their marriage the wife of Eugene William Mayer. To this petition defendant filed an exception of no cause or right of action. After due proceedings in the lower court, the exception was sustained, and plaintiff’s suit was dismissed at his costs. He has appealed.
 

 The facts as disclosed by the record are these:
 

 Defendant-appellee, Mrs. Clair Rodemann Mayer Freeman, on June 13, 1935, instituted a suit in the Civil District Court for the Parish of Orleans against her first husband, Eugene William Mayer, for an. absolute divorce on the ground that they had been living separate and apart for more than four years. Citation and certified copy of 'her petition were served on the defendant therein in person by a deputy sheriff of Orleans Parish on June 18, 1935. On July 12, 1935,
 
 *343
 
 a few days before the Civil District Court began its vacation on July 15, a judgment by default was read and rendered. Thereafter, on July 22, 1935, during the vacation of the court, by the consent of the parties to that suit the district judge signed the judgment, which had been previously read and rendered in open court on July 12, 1935. In October of that year, after the vacation period, another judgment was signed in the same suit. However, after the signing of the judgment on July 22, 1935, and before the signing of the judgment in October, 1935, defendant-appellee herein entered into a marriage contract with plaintiff-appellant. These parties lived together for a period of approximately 11 years, and of this marriage, according to a statement of counsel made in argument in this court, several children were bom.
 

 ■Counsel for appellant in brief and in argument before this court state that the sole and only question involved in this case is whether a judgment of divorce signed during vacation by consent of the parties is valid.
 

 According to the rules of the Civil District Court for the Parish of Orleans, as set.out in counsel’s brief and not disputed, the term of that court commences on the first day of October of each calendar year and ends on the fifteenth day of July of- the following year. This rule carries out the mandate of the Louisiana Constitution of 1921, Article VII, Section 43, that all district courts for the Parish of Orleans shall hold continuous sessions during nine and one-half months of the year.
 

 Counsel for appellant state that the rules-of the Civil District Court specifically provide what things may toe done during vacation, and thait the signing of judgments is not among them, and they argue that this fact, when considered with the mandate of the Constitution, renders the judgment signed on July 22, 1935, during the vacation of the court, a nullity; or, in other words, that defendant herein was not divorced from her first husband at the time she married plaintiff-appellant.
 

 The article of the Constitution upon which counsel rely is simply a mandate requiring the Civil District Court of the Parish of Orleans to hold continuous sessions-during nine and one-half months of each calendar year, and in no way prohibits that court from conducting such legal proceedings coming before it during vacation as it may deem necessary and as public interest shall demand, and does not make such actions illegal, null, and void for the reason, advanced by counsel.
 

 Although the rules of the district court do not specifically authorize the signing during vacation of a judgment which has been read and rendered during its legal term, there is no prohibition against such an act, and hence what we have said with reference to the article of the Constitution is. applicable to the court rules.
 

 ■Counsel for appellee cite ample authority to support the rule that a judgment signed
 
 *344
 
 during vacation with the consent of the parties is valid. Rust v. Faust, Sheriff, 15 La. Ann. 477; Morrison v. Citizens’ Bank et al., 27 La.Ann. 401; Green v. Reagan, Sheriff, et al., 32 La.Ann. 974; City of New Orleans v. Gauthreaux (W. H. Merkel, Intervenor), 32 La.Ann. 1126. Counsel for appellant have cited no authority to the contrary and have not attempted to distinguish these cases from the instant case.
 

 For the reasons assigned, the judgment appealed from is affirmed; appellant to pay all costs.
 

 O’NIELL, C. J., absent.