## PARKER *v.* ALEXANDER et al.

It is not necessary, to enable a lessor to preserve her recourse against the surety of her lessee,
that she should enforce her privilege against the lessee himself. It is enough that she
has done no act to destroy or impair the privilege, or which could have prevented her, at
any moment, from subrogating the surety to all her rights. *Per Curiam :* A surety is not
discharged by the mere omission of the creditor to enforce or preserve a privilege. C.
C. 3030.

Novation will not be presumed. The intention to make a novation must be clearly shown.
C. C. 2186.

Interest may be recovered from judicial demand, when the debt is due by contract.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.
    *E. T. Parker,* for the plaintiff. The surety of a debtor will not be dis-
charged by the mere forbearance of the creditor to sue the principal. Theo-
bald, Princ. and Agent, § 166. *Eyre* v. *Everett,* 2 Russ. 381. *Orme* v. *Young,*
Holt, N. P. C. 84. *Cooly* v. *Lawrence,* 4 Mart. 639. *Warfield* v. *Ludewig,*
9 Rob. 240. *Huie* v. *Bailey,* 16 La 213. 3 Mart. N. S. 596. 8 Mart. N. S.
277. 3 La. 214. 5 La. 267, 18 La. 470.

    *Schmidt,* for the appellant, contended that the surety was discharged, citing
*Roman* v. *Peters,* 2 Robinson, 479.

    The judgment of the court was pronounced by

    KING, J. The plaintiff, who is a married woman separated in property
from her husband, claims from *Alexander & Henry,* as principals, and *Roy,* as
surety, $800, with interest from judicial demand, for rent alleged to be due. A
judgment was rendered against the defendants for the sum claimed, from which
*Roy,* the surety, has appealed.

    The appellant avers in his answer, that he has been discharged from the obli-
gations of his suretyship, by reason of the plaintiff's failure to enforce her pri-
vilege as lessor on the property of his principals, and of her having changed the
conditions of the contract with the lessees, without his consent. He further
contends that, the plaintiff recovered a judgment against *Alexander,* one of the
lessees, for $49, which was determined to be the only sum due for rent, in
March, 1843, a date subsequent to the expiration of the lease; which sum, not
having been claimed in the present suit from the surety, is presumed to have
been paid, and was a full discharge of all dues under the contract. It is also
asserted that the plaintiff has failed to make proof that the lessees were ever in
possession of the property leased.

    The contract of lease, on which this action is founded, stipulated for the pay-
ment of rent at the rate of $1300 a year, and by its terms expired on the 24th
of January, 1844. The appellant became the surety of the lessees for the
payment of the rent.

    I. The possession of the premises by *Alexander & Henry* is fully shown,
not only by the testimony of witnesses, but by receipts for rent as late as
June, 1842, produced on the trial by the defendants themselves.

<div style="text-align:right">PARKER<br>*v.*<br>ALEXANDER.</div>

II. The ground assumed that all the rent due had been paid, we think is unsupported by the evidence. After the expiration of the lease on which the plaintiff's demand is based, the premises were let by a second contract to *Alexander* alone, who remained in possession, until March. 1843. He failed to pay his rent under this second contract, and a suit was instituted against him, and a judgment recovered for a small sum found to be due. This claim for rent, which accrued under the second contract, to which the appellant was no party, cannot be construed into an admission that that which had accrued under a previous and different contract, entered into with different parties, had been paid.

III. The plaintiff permitted several months to elapse without proceeding. against her tenants for the collection of rent, and when she commenced her suit the effects upon which the law established a privilege in her favor had been removed beyond her reach. In order to preserve her recourse against her surety, it was not indispensable that she should have enforced her privilege against the lessees; it was sufficient that she had done no act which destroyed or impaired the privilege, or which would have prevented her, at any moment, from subrogating the surety to the full right accorded to her by law. The surety is not discharged by the mere omission of the creditor to enforce or preserve a privilege. To produce that effect, the creditor must *do some act*, by which the subrogation can no longer be operated in favor of the surety. Civil Code, art. 3030. 7 Toul. no. 172. Pothier, Ob. no. 557.

IV. In support of the alleged change in the conditions of the contract, several receipts have been produced from the husband of the plaintiff, for rent of the premises in question, at $83 33 per month. No authority has been shown from the plaintiff to her husband to change the contract, diminish the rate of rent, or otherwise stipulate in relation to the lease, and her right to recover rent in accordance with its terms, which accrued subsequent to those payments, remains unaffected by his acts. No change in the terms of the contract is to be inferred from those receipts. They merely show the remission of a part of a debt which had already accrued, of which the surety cannot complain. The evidence, in our opinion, establishes no novation or change in the conditions of the contract, whereby the surety has been discharged. The intention to novate must be clearly shown ; it is not presnmed. Civil Code, art. 2186.

The plaintiff has prayed that the judgment appealed from be amended, by allowing her interest from judicial demand. To this she is legally entitled, the sum being due on a contract.

It is therefore ordered that the judgment of the lower court be amended, and that the plaintiff recover five per cent interest on the amount of that judgment, from the 11th of January, 1844, the date of citation. In other respects the judgment is affirmed, the appellant paying the costs of both courts.