## GEORGE W. SARGENT *v.* H. H. SLATTER.

The action to recover the price given for a slave which had died of a redhibitory vice, is not barred by one year's prescription where the defendant was absent from the State during the greater portion of the year.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Stockton* and *Steele*, for plaintiff.   *Moïse* and *Randolph*, for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff claims the return of the price of a slave sold to him by the defendant, on the ground that the slave died of an incurable disease, existing before and at the time of the sale. He also claims damages.

The defendant filed a general denial and a plea of prescription. There was judgment against him, and he appealed.

This action was commenced more than one year after the date of the sale. But it is proved that during the greater part of the time which elapsed before it was brought the defendant was absent from the State. The plea of prescription cannot therefore prevail.

It is true, we have repeatedly held, that the conjectural opinion of physicians as to the duration of diseases of slaves, founded on a *post mortem* examination, was not, by itself, full proof of the fact; but in this case, the opinion of the physician is corroborated by the testimony of the person in whose family the slave was reared; and the physician who examined her for the plaintiff at the time of the purchase, states that he did so with great care, because she was said to be diseased. His examination lasted about ten minutes, and he came to the conclusion she was healthy. But the evidence in the record satisfies us that he was in error.

It is urged that four months elapsed after the purchase before the plaintiff called in a physician. But the slave was employed as a house servant. She was never exposed to the weather; and although she may have been in declining health, there is no evidence that she required medical attendance before the time when a physician was called in.

The rule is, that if the situation of a slave is such as to require medical attendance, and the master fails to procure it until the disease becomes incurable, he cannot, after the death of the slave, maintain an action against his vendor for the recovery of the price. But the evidence in this case shows that the slave was able to do house work, and that the plaintiff had no reason to believe that she was in a dangerous situation. It also shows him to be a humane master; and this fact has great weight with us.

It is alleged, that as the title of the plaintiff was executed in the State of Maryland, and is not stamped, no action could be maintained there, and none can be maintained here. The evidence of the Maryland statute requiring a stamp, although in the record, was not offered in the court below, and we can take no

*notice of it. If we did, it appears to us, that the defendant's own witnesses*
sufficiently prove the contract.

We are of opinion that the damages allowed are reasonable.

The judgment is therefore affirmed, with costs.