## C. C. WALLIS v. J. H. THOMAS et al.

Where an injunction is obtained upon the ground of there having been no appraisement of the property about to be sold, the evidence must show that the sale was one in which an appraisement was necessary, otherwise the court cannot say whether it may not be a sale on a twelve months' bond.

It is not a material objection to an advertisement of a sheriff's sale, that the advertisement is signed by the deputy sheriff.

APPEAL from the District Court of Terrebonne, *Randall*, J.   *G. W. Peirce* and *P. E. Bonford*, for plaintiff.   *J. C.* and *A. Beatty*, for defendants.   The judgment of the court was pronounced by

EUSTIS, C. J.   This is an appeal taken by the plaintiff from a judgment dissolving an injunction obtained by the plaintiff against further proceedings under a writ of seizure and sale.   The judgment awarded damages against the plaintiff and his security on the injunction bond.

The injunction was obtained on the 4th of August, 1849, the day on which the plaintiff's property was advertised for sale.

There was an application for a continuance made in the affidavit made by the plaintiff's attorney of the absence of two witnesses.   It is sufficient to say, that the evidence adduced on the trial satisfies us, that the district judge properly exercised his legal discretion in refusing the continuance.   It is objected, that there was no appraisement of the slaves seized.   The injunction having been granted on the day fixed for the sale, that there was not sufficient time to give the plaintiff notice to appoint an appraiser, under the 10th section of the act of 1828, amending the several articles of the Code of Practice.

But the allegation in the plaintiff's petition, that the slaves were seized under a *fieri facias*, and advertised for sale to satisfy the judgment of the creditor, is put in issue by the defendant's answer, and has not been proved. Neither the judgment nor the writ have been offered in evidence. *Non constat*, that an appraisement was necessary. The execution may have been issued on a twelve months' bond.

The other objection, that the advertisement was signed by the deputy sheriff, and not by the sheriff, we do not consider as material. Code of Practice, 764. Act of March 25th, 1813, § 7. *Copeland* v. *Labutut*, *ante* p. 61.

The judgment of the district court is therefore affirmed, with costs.