No. 2073.—BULLIER, Wife, et al., *v.* FRITZ HUPPENBAUER.

A prior mortgage creditor who holds a mortgage which contains the pact *de non alienando,* may pursue the property in the hands of a third holder without resorting to the dilatory proceeding by an hypothecary action. Therefore, if the junior mortgage creditor has caused the property to be sold, and it fails to bring an amount sufficient to pay the prior mortgage, then the prior mortgageor, whose mortgage contains the pact *de non alienando,* may proceed by executory process against the property mortgaged in the hands of the third possessor without resorting to the hypothecary action.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. A. Robert,* for plaintiff and appellant. *E. Cambray,* for defendant and appellee.

WYLY, J. The plaintiffs have appealed from a judgment in favor of the defendant rejecting their petitory action, instituted for the recovery of a lot of ground on the Metairie road, held and possessed by the defendant.

It appears that the property in dispute belonged to Florentin Berthier, and that the plaintiffs and the defendant were the holders of special mortgages bearing thereon, the mortgage of the plaintiffs being superior in rank to that of the defendant. It further appears that in 1865 the defendant foreclosed his mortgage and purchased the property, retaining the proceeds of the sale in his hands, the price of adjudication to him being less than the amount of the prior special mortgage in favor of the plaintiffs.

It also appears that in 1867 the plaintiffs, foreclosing their mortgage, became the purchasers thereunder of the lot of ground in dispute, and which they now seek to recover possession of.

The defendant contends that having a *prima facie* title, it could only be attacked by a direct action for the nullity which the plaintiffs contend it contains, by reason of the adjudication to him, the junior mortgage creditor, for a sum less than the amount of the prior special mortgage in favor of the plaintiffs; that the nullity complained of by the plaintiffs should have been asserted in a direct action, or they should have resorted to an hypothecary action against him

It is unnecessary to consider whether the sale to the defendant was regular or not; whether the adjudication to him at a sum less than the amount of the prior special mortgage in favor of the plaintiffs, was a relative or absolute nullity.

The right of the plaintiffs to seize the property and subject it to their prior special mortgage, without regarding the defendant's title or without an hypothecary proceeding, is a right which they had by virtue of their prior mortgage, which contained the pact *de non alienando*. With this clause in their mortgage, they had the right to enforce it on the property in the hands of the defendant, the third possessor, without the delay of an hypothecary proceeding.

The adjudication to the plaintiffs under the first mortgage divested the title of the defendant derived from the purchase under the junior mortgage, and invested them with the ownership of the property.

It is therefore ordered that the judgment appealed from be reversed and annulled, and that there be judgment for the plaintiffs, recognizing the validity of their title and requiring the defendant to deliver to them the possession of the property, and to this end let a writ of possession issue; let the defendant pay costs of both courts.