Ludeling, C. J.
John O’Loghlen, died at Ocean Springs, Mississippi, leaving a small amount of personal property in New Orleans, which is administered by the public administrator. Having filed Ms account *365 aud tableau of distribution, several oppositions were filed, and among them one by the attorney of absent heirs claiming $1000, under article 3252 R. C. C.
The evidence shows that O’Loghlen left two sons, one living in New York and the other in Ireland, and his widow, who resides in Ohio— none of whom have ever been in Louisiana.
The testimony of one of the sons shows that the children of O’Loghlen have no property, but there is no evidence to show what the circumstances or means of the widow are. The' law is that the “ widow or legal representatives of the children chalí be entitled to demand and receive from the succession of the deceased husband or father a sum, which added to the amount of property owned by them, or either of them, in their own right, will make up the sum of one thousand dollars.” C. C. 3252. In order to Tecover under this law the proof should have shown that the widow also had no means, or, if she had any, less than $1000, what it was. The demand should be rejected on that ground.
Nor can the demand be made by the attorney for absent heirs. The law declares that “the widow or the legal representatives of the children shall be entitled to demand,” etc. The legal representatives of the children would be their tutors.
It is therefore ordered and adjudged that the judgment of the lower court be annulled, and that the oppositions to the account be rejected and that the account of the public administrator be homologated, the costs to be paid by the succession.