Smith vs. Haas.

## No. 9138.

### SAMUEL H. SMITH VS. A. M. HAAS.

A tenant who quits premises, to which he claims to have obtained a new lease, and which he declares he has left because ordered to do so by his landlord, cannot successfully claim damages for an illegal and wrongful ejectment.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Blackman*, J.

*Thos. Overton* and *Thorpe, Peterman & Thorpe* for Plaintiff and Appellee.

*Cullom & Coco* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action in damages for an alleged violation of a contract of lease, consisting in a wrongful ejectment of the tenant and taking possession by the land owner.

The defense is a denial of the lease and of any wrongful act.

From a judgment against him, for part of the claim, the defendant has taken this appeal.

An examination of the testimony has failed to satisfy us of the existence of the contract of lease relied upon.

The testimony of the plaintiff is vague and uncertain and is uncorroborated by that of the two witnesses who were brought forward for the purpose of fortifying it, while that of the defendant is clear and positive enough to leave no doubt on the mind.

If the lease ever was agreed upon, it was surely subseqneutly abandoned. It would have begun at the expiration of the previous one, that is: on January 1, 1883; but, when asked why he had left,

plaintiff, himself, says: that it was because the defendant had told him he should not work the place any longer; that he had asked him to remain longer but that defendant would not do so.

The district judge thought there was a preponderance of direct and circumstantial evidence in favor of plaintiff, showing that he had made a contract of lease with defendant, of the premises, for the year 1883.

We have weighed the scattering evidence and fail to perceive how it can be unified and systematized so as to establish the contract which, under the circumstances, should have been proved by conclusive testimony. We think that defendant is not liable to the claim against him.

It is, therefore, ordered and decreed that the judgment appealed from be reversed and that plaintiff's demand be rejected, with judgment in favor of the defendant, with costs in both courts.

Poché, J.   Plaintiff wishes this case to be re-opened for the purpose of reserving his right to claim of defendant the value of some seven acres of seed cane which he had put down for the cultivation of defendant's lands in 1883, and which he charges defendant to have appropriated since the trial of this case in the district court.

The value of that cane formed an element in his demand for damages and to that extent it is covered by our judgment but no further, and, therefore, our decree could be no bar to his claim for the value of the cane alleged to have been taken and used by the defendant.

Such a demand proved no part of the issue made in the pleadings and disposed of by our decree—hence, we are not concerned with it in the present case, and have no authority to make any order or reservation touching the same.

Our judgment must, therefore, remain undisturbed.

Rehearing refused.