DAWKINS, J.
Plaintiff asks $10,000 damages for the alleged violation of bis rights as lessee of a certain building, No. 922 Tchoupitoulas street in the city of New Orleans, and for the value of certain tools and materials claimed to have been appropriated by defendant, Cuccia, the owner and. lessor of the building. 1-Ie alleges that Cuccia forcibly took possession of the leased premises before the lease expired, thereby destroying a very lucrative business.
Pleas to the jurisdiction ratione materiae and of vagueness were filed by the defendant The first rested upon the contention that all demands save the one for tools and materials were fictitious on their face, and that the real demand was less than the minimum jurisdiction of the district court. The jurisdictional plea was overruled, and the exception of vagueness sustained to the extent of ordering plaintiff to itemize his claims for damages, which was accordingly done.
The lower court gave judgment for plaintiff in the sum of $26, and both parties have appealed.
The premises, No. 922 Tchoupitoulas street, over which this litigation arose, were formerly occupied by defendant Cuccia as a blacksmith shop, and on June 28, 1916, he leased the same, together with the tools, materials, etc., to plaintiff, Wolf. The latter ran the shop without the payment of the stipulated rent until early in February, 1917, when he discussed with defendant his intention to vacate, as the latter wanted to raise the rent, and the business was not paying. He subsequently sent a sign to the place to be displayed there, to the effect that he had moved or would move to No. 1028 Tchoupitoulas street, which was the location of another business conducted by him for the repairing of vehicles. This was about the 12th or 13th of February, 1917, and just about that time some one telephoned defendant that his property had been vacated or abandoned, and that he, defendant, had better come down and take charge of it. ' This resulted in a meeting of the parties at the blacksmith shop. Defendant contended that plaintiff had abandoned the lease, the latter asserted he had not, and finally a personal controversy arose, which culminated in some one telephoning for the police, who came and arrested the whole company and took them to police headquarters. They were all discharged, and afterwards defendant endeavored to get plaintiff to resume his occupancy of the shop, which was declined, and shortly thereafter this suit was filed.
[1-3] The lease was by the month, and plaintiff claims that defendant was indebted to him for services performed in an amount more than sufficient to pay the rent. On this point the evidence is not altogether clear, but it makes little difference for the purposes of this case. We think the conclusions reached by the lower court, in its oral reasons for judgment which were reported and copied into the record, were fully supported by the law and facts. Defendant acted too hastily, and was guilty of a technical violation of plaintiff’s contractual rights under the lease. E. C. O. 1930 et seq. But he appears to have acted in good faith. The actions of plaintiff reasonably justified the belief that he had abandoned, or was about to abandon, the premises; and, if he had actually done so, defendant would have had the right to take charge of same. He also had the right to hold the contents of the building as lessor for his rent, but had not put Wolf in default by demanding its payment — in fact nothing seems to have been said on that score. However, as above stated, he afterwards endeavored to get plaintiff to resume occupancy, but Wolf *339 apparently thought he had a good damage suit, and decided not to spoil it.
No actual damage has been proven — in fact, plaintiff had already stated that he would give up the lease because it was a losing proposition, and we believe he was preparing to dp so when this controversy arose. Practically all of the tools and materials in the premises belonged to defendant.
The authorities cited by plaintiff’s counsel are perfectly good law, in a proper case, but are not applicable to the present litigation, for the reasons given by the district court, as well as those herein stated.
We think the judgment below does substantial justice, and is therefore affirmed, at the cost of plaintiff and appellant.