No. 9137
Orleans

**BESSIE BENTON v. N. E. JACOBS,**
Appellant

(October 15, 1923, Opinion and Decree on Motion to Dismiss.)
(December 14, 1925, Opinion and Decree.)
(January 4, 1926, Rehearing Refused.)

(*Syllabus . by the Court.*)
## ON MOTION TO DISMISS

1. **Louisiana Digest—Appeal—Par. 158.**

An appeal will be dismissed only where the appellee shows himself clearly entitled to that relief; in case of doubt the constitutional right of appeal will be maintained.

2. **Louisiana Digest—Appeal—Par. 436.**

The rights of litigants cannot be jeopardized by slight inaccuracies of counsel or clerks.

## ON THE MERITS

3. **Louisiana Digest—Landlord and Tenant —Par. 46.**

When the tenant of premises abandons them before the expiration of his lease and fails to pay the rent, the lessor may take possession of them and sublease them for the benefit of the tenant.

4. **Louisiana Digest—Landlord and Tenant —Par. 46.**

But the lessor, if he thinks proper, may leave the premises wholly unoccupied.

5. **Louisiana Digest—Landlord and Tenant —Par. 46, 78.**

When the lessor takes possession of leased premises abandoned by the lessee and assumes to rent them for account of the lessee, he cannot refuse to rent them for the same price as that fixed by the lease; and if he refuses he cannot recover the rent from the former tenant.

6. **Louisiana Digest—Landlord and Tenant —Par. 64.**

The tenant is liable for any damages done to the leased premises by him or members of his family.

7. **Louisiana Digest—Landlord and Tenant —Par. 63.**

The tenant cannot recover from the lessor the value of improvements he has made without the consent of the lessor.

Appeal from the Civil District Court, Division "B". Hon. M. M. Boatner, Judge.

This is a suit for rent and damages to the leased premises.

Defendant filed a reconventional demand.

There was judgment for plaintiff as prayed for and in favor of defendant for a small sum of money.

Defendant appealed.

Judgment amended and affirmed.

Spencer, Gidiere, Phelps, Dunbar and S. D. Marks, of New Orleans, attorneys for plaintiff, appellee.

J. H. Wiener and L. H. Yarrut, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. The defendant obtained an order of appeal herein returnable on the 18th day of May, 1923. The transcript was filed August 9.

A motion is made to dismiss the appeal on the ground that on May 18 the appellant secured an order granting an extension of time to June 18, 1923; that appellant did not obtain an order granting a further extension of time, nor did he file the transcript on June 18.

The clerk's docket shows the following entries:

1923:

May 18—Motion for extension of time to complete transcript.
May 18—Order.
June 18—Motion for further extension.
June 18—Order to July 18.
July 17—Motion for additional time to August 18.
July 17—Order.
August 9—Record file.
August 11—Motion to dismiss.

But the documents in the transcript show:

A motion and order filed May 18 extending the return day to June 18.

A motion to extend the return day to the 18th day of July.

This motion appears to have been "filed" on July 17 and the order thereon is dated August 14. It is this motion which is the ground for the dismissal of the appeal as it should have been filed on June 18.

The clerk of this court states that the filing of "July 17" was an error on his part, and that the motion, as appears by his fee docket, was in reality filed on June 18; that he mistook the date of the extension for the date of the filing of the motion.

One of the attorneys for appellants, in their answer to the motion to dismiss, state under oath "that on or before the 18th day of May, June and July, 1923, your respondent filed in this Honorable Court a motion and the necessary accompanying affidavit with the clerk of the Civil District Court for the Parish of Orleans, all as is required by law".

We think the error of the filing of "July" instead of "June" is satisfactorily explained. But if we entertained any doubt on the subject we should give the appellant the benefit of the doubt in the interest of the constitutional right of appeal. Sampson vs. Gillis & Ferguson, 22 La. Ann. 591; Smith vs. Vanhill, 11 La. 382; Brickell vs. Conner, 10 La. Ann. 236.

"An appeal will be dismissed only where the appellee shows himself clearly entitled to that relief. In cases of doubt, the interpretation will be liberal in favor of the appellant." Gilmore vs. Brenham, 1 La. Ann. 414 (417); Isabella vs. Pecot, 2 La. Ann. 387 (390); Guion vs. The Creditors of the Succession of George Guion, 19 La. Ann. 81; Ludeling vs. Frellsen, 4 La. Ann. 534.

While the evidence shows that the motion to extend the return day was filed in time, there is not sufficient evidence to

show that it was not.   John M. Parker & Co. vs. Succession of Griffin, 117 La. 977, 42 South. 473.

The rights of litigants cannot be jeopardized by slight inaccuracies of counsel or clerks.   Pasley vs. Ann McConnell, 40 La. Ann. 609 (612), 4 South. 501.

Motion denied.

———

CLAIBORNE, J.    This is a suit for rent.

The plaintiff alleged that she leased to the defendant the lower apartment of No. 2105 Octavia street for a term of three years beginning October 1, 1919, and ending September 30, 1922, for the price of $55.00 per month, for which the defendant made thirty-six notes dated July 1, 1919, each for the sum of $55.00, payable to his own order and by himself endorsed, numbered from 1 to 36, payable respectively on November 1 and on the first of each succeeding month except the last note, No. 36, which was payable on September 30, 1922; that the defendant bound himself to keep said property in good order; that it was stipulated in said lease that in case the lessee violated any of the conditions of the lease that the rent for the unexpired term of the lease should at once become due and the lessor would have the option to demand payment of the entire rent or to cancel the lease; that the defendant violated the lease in the following particulars:   1st, that he failed to pay the note for the month of January, due February 1, 1922; that he damaged the property with pencil marks upon, and holes in, the walls, breaking the doors, windows and window panes, and electric light shades, and leaving trash upon the premises; that in the exercise of her right under the lease plaintiff cancelled the lease on April 12, 1922, and returned to the defendant his five notes for the months of May, June, July, August and September, 1922; that the defendant abandoned the premises on December 12, 1921; that plaintiff advertised for another tenant at a cost of $30.96.

The plaintiff therefore claims:

First:   The rent for the four months of January, February, March and April, up to the 12th, 1922, at $55.00 per month, or _____ _____$187.00
Second:   Damages to walls, doors and windows_____$80.00
Four broken glasses _____ _____ 11.00
Cleaning and hauling trash ___ 10.00
Four electric light shades _____ 4.45
————— 105.45
Third:   Advertising _____ 30.96

Making a total _____$323.41

With interest and ten per cent attorney's fees under the lease and costs and for judgment cancelling the lease.

Defendant admitted the allegations of the petition but denied any indebtedness and alleged that in the month of January, 1922, he agreed with plaintiff to cancel the lease with the understanding that the plaintiff was to secure a new tenant at the same rental; that plaintiff demanded a rent of $85.00 per month for the remaining term of the lease and for that reason was unable to secure a new tenant within a reasonable time; that the plaintiff took possession of the leased premises early in January; that before and since the defendant vacated the property he had tendered to plaintiff to replace himself a tenant financially and morally responsible for whom he agreed to be surety.

Defendant claims in reconvention $9.00 for a front door glass and $5.00 for an electric transformer which he had put in the property.

There was judgment in favor of plaintiff as prayed for and in favor of defendant for $9.00.

Defendant has appealed.

The material facts of this case are that the defendant removed from the leased premises on December 12, 1921, but that

he delivered the keys to the plaintiff only on January 24, 1922; that the lease prohibited the subleasing or transfer of the lease; that the plaintiff refused to the defendant the privilege to sublease or to turn the apartment over to his mother-in-law after he had removed.

Under date of January 10, 1922, the defendant, through his attorneys, wrote to the plaintiff "that it is perfectly agreeable to our client to have Mrs. Benton lease the property"; that the plaintiff employed a real estate agent to rent the property with instructions to demand $85.00 per month rent; that the agent advertised the property for rent at that price, and that it was finally rented at $75.00 per month; that the defendant offered his mother-in-law as a tenant at the rate of $55.00 per month and to serve as surety, which the plaintiff refused; that the defendant could have found other tenants at the same price which the plaintiff also refused; and that plaintiff finally rented the premises at $75.00 a month from April 15, 1922.

When the tenant of premises abandons them before the expiration of his lease and fails to pay the rent, the lessor may take possession of them and sublease them for the benefit of the lessee; he then acts as *negotiorum gestor* for the lessee, and it is his right to sublease the premises to the best advantage to minimize the loss to himself. Reynolds vs. Swain, 13 La. 193; Holden vs. Tanner, 6 La. Ann. 74; Succession of John O'Loghlen, 27 La. Ann. 364; Orr & Laubenheimer Company vs. John Wilson & Co., 48 La. Ann. 1313 (1320), 20 South. 724; O'Kelly (O'Kelley) vs. Ferguson, et al., 49 La. Ann. 1230, 22 South. 783; Vincent vs. Frelich, 50 La. Ann. 378, 23 South. 373; Wolf vs. Cuccia, 144 La. 336, 80 South. 581.

But while the lessor has this right, is he under the obligation to do so? During the argument of this case the writer of this opinion was of the opinion that he was bound to do so under general principles, in order to minimize the loss to the lessee. But the Supreme Court has decided differently in the cases of Holden vs. Tanner, 6 La. Ann. 76, and Ledoux vs. Jones, 20 La. Ann. 539. We must yield to their decisions.

But we are of opinion that the plaintiff has committed herself to the obligation of renting the premises.

In a letter dated January 10, 1922, defendant's attorney writes to plaintiff's attorney:

"To confirm our conversation in reference to the property that Mr. Jacobs is leasing from Mrs. Bessie Benton, this is to inform you that it is perfectly agreeable to our client to have Mrs. Benton lease the property and we will, upon the return of our rent notes, cancel the lease. This proposition should be accepted as soon as possible, as we do not wish to have the premises vacant for a long period of time at our expense."

To which letter defendant's attorney answered:

"We have your letter of January 10; Mrs. Benton accepts the proposition outlined in your letter, that is, Mrs. Benton is to secure a tenant for the property, and, upon securing a tenant, is to return Mr. Jacobs' rent notes and cancel the lease. Please let us have a key to the apartment as soon as possible. We would appreciate your sending this key direct to Latter & Blum, notifying us when you have done so."

The defendant then sent the key; the plaintiff accepted it and employed an agent to lease the property.

The agent advertised the property for rent for $85.00 per month and plaintiff later rented it for $75.00.

The question remains, did the plaintiff have the right to demand a higher rent than $55.00 per month and was she bound to rent to a prospective tenant who offered $55.00? We are of the opinion that she was so bound.

The lease or the right of occupancy of the leased premises was the property of the defendant as long as the plaintiff chose to hold him to the lease. In her letter of January 12 she had asserted her intention to hold the defendant to the lease until she secured a new tenant.

In undertaking to rent the property the plaintiff was acting as the agent of the defendant. There was no price fixed in the letters of January 10 and 12. Plaintiffs' counsel says he purposely refrained from doing so. It was plaintiff's duty then to rent the property for such a price as would extinguish defendant's obligation under the lease. She had no right to speculate upon what was his property, or to attempt to recoup herself for imaginary past or future losses, nor to go against his interest or his direction. He had tendered her one or more tenants at $55.00; she had declined them; she should have accepted them. Her failure to do so relieves the defendant from his obligation to pay her the rent. It was only after she had agreed to cancel the lease that it would have been optional with her to demand any lease she might have decided upon, because then the right of occupancy became hers.

But considering that the defendant returned the keys only on January 24, we think he should pay the rent for that month.

Second: The evidence is that at the time the defendant took possession of the leased premises they were painted inside and the doors varnished by an experienced painter at a cost of $254.00. The preponderance of the testimony is that at the time the defendant removed from the premises some two years after, some plaster was broken, nails had been driven in the walls, and the walls were scratched and pencilmarked to an extent that made it necessary to paint the inside again. Some window panes were also broken. The cost of those repairs amounted to $91.00.· A laborer was employed to gather debris of paper, barrels and excelsior and to remove them at a cost of $10.00. An electric light shade was broken, worth $4.45. C. C. 2710; 11 Orl. App. 46; Briede vs. McClellan, No. 7599, Orl. App., Bk. 55.

The plaintiff cannot recover $30.96 for advertising, as we have come to the conclusion that she could have rented the premises for $55.00 without advertisement.

The defendant is entitled to a judgment for $9.00 as plaintiff has not appealed. He cannot recover $5.00 for the electric transformer as he made no prior demand for it upon the lessor. 1 H. D. 799 No. 10; 4 R. 376.

It is therefore ordered that the judgment herein in favor of plaintiff be reduced from three hundred and twenty three and 41-100 dollars to one hundred and sixty and 45-100 dollars with five per cent per annum interest from February 1, 1922, till paid, and ten per cent attorney's fees thereon; and that in other respects said judgment be affirmed. The costs of the District Court to be paid by the defendant and the costs of appeal by the plaintiff.