(104 So. 187)

No. 26019.

## MERIWETHER v. DORRITY et al.

(March 30, 1925. On Application for Rehearing April 27, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Landlord and tenant ⟨⟩207(1)—Successor in occupation held to have ratified and accepted lease, and become responsible for unexpired portion.**

Lease of a business place for a term of years, abandoned by the lessee, leaving all the property therein subject to mortgage, *held* impliedly ratified and accepted by defendant and corporation formed by him, who bought the property from the mortgagee, and took possession of it and the premises, and continued the business, paying rent according to terms of the lease, so that they are liable for the unexpired portion, there being no evidence of change of the lease to one from month to month (Civ. Code, arts. 1816, 1817).

2. **Landlord and tenant ⟨⟩243—Rent held secured by lessor's privilege attaching to property on premises under implied ratification of lease by successors in occupation.**

Rent falling due after sale, under lessee's mortgage of his property on the leased premises, was secured by the lessor's privilege which attached to the property on the premises under implied ratification of the lease by the purchaser of such property, who then went into occupation of the premises, and paid rent according to terms of the lease.

On Application for Rehearing.

3. **Judgment ⟨⟩313, 883(13)—Collected rent may be offset against judgment for full rent, and amendment of judgment not necessary.**

Amendment of judgment, holding defendants liable for rent for balance of term, after abandonment of premises by them, is not necessary to give them credit to which they are entitled for rent collected by plaintiff for such period; as under Code Prac. art. 373 such credit may be urged as a set-off against the judgment itself, in reduction and partial compensation thereof.

O'Niell, C. J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by Minor Meriwether against B. M. Dorrity; the Auto Salvage Company, Inc., intervening. From the judgment, all parties appeal. Amended and recast.

Cook & Cook, of Shreveport, for plaintiff.
Dickson & Denny, and W. M. Phillips, all of Shreveport, for defendants.

THOMPSON, J. This suit is on the last 10 of a series of 35 notes of $250 each, given as the price of a three-year lease ending November 30, 1923, of certain property situated in the city of Shreveport. The lease was made by the plaintiff to the Carbanks Auto Supply Co., a commercial partnership, and the notes were executed by that firm.

The lessee went into possession of the leased premises and occupied the same and paid the rent up to some time in the summer of 1922, when the firm went out of business and abandoned the leased premises.

All the property, consisting of automobiles, automobile accessories, and garage equipment were left in the premises when the lessee vacated, leaving a posted notice that the firm "had gone fishing." All the movables in the leased premises were subject to a chattel mortgage in favor of the First National Bank of Shreveport, and the bank caused

the said movables to be seized and adjudicated to it in foreclosure of the mortgage. The property remained in the leased premises and was sold by the bank to the defendant Dorrity, who took possession of the property purchased and the leased premises on August 11, 1922, and continued the business until the last of January, 1923.

In the sale from the bank to Dorrity it was stipulated that the bank would pay all the rent due up to August 11, 1922, and that Dorrity would pay all rentals on said garage after said date, or for such time as he or his associates should remain in the building.

The bank paid the rent as stipulated and Dorrity or his successor paid the rent thereafter as it became due up to and including January, 1923.

On September 23, 1922, Dorrity incorporated the Auto Salvage Company, with a capital stock of $20,000, of which $10,000 was paid up by turning over to the corporation all the property which Dorrity had acquired and which was then in the garage. Dorrity received 196 shares of the stock of the corporation and two other individuals two shares each.

Thereafter the automobile and garage business was carried on in the name of the corporation with Dorrity as manager and practically the sole owner. The rent was paid each month either by Dorrity individually or by him on behalf of his corporation, and the notes of the Carbanks Auto Supply Company as they matured and were paid were delivered to either Dorrity or his corporation.

On January 15, 1923, Dorrity sent to plaintiff Meriwether the following letter:

"This to notify you that your building located at Nos. 1544 and 1546, Texas avenue, will be vacated January 31. Herewith I am inclosing my check for $250, in full payment for January rent on said building and in full for my rent account with you for said building."

At the time this letter was delivered to the plaintiff practically all the property in the leased premises had been removed therefrom, though the said property continued to be the property of Dorrity or his company.

The present suit followed. A writ of provisional seizure was issued and all the property removed from the premises was seized in less than 15 days after its removal.

The Auto Salvage Company intervened and claimed the ownership of the property free from any rent claim and demanded damages for the wrongful seizure of its property.

In answer to the intervention the plaintiff alleged that he had a lien and privilege on the seized property to secure his rent, and in the event his privilege was divested by the removal of the property from the premises, then that the said Dorrity and the said Auto Salvage Company are indebted to plaintiff in solido for the full amount of the balance due as rent.

It was further alleged that Dorrity, acting both as president and individually, conspired to defraud petitioner and to divest him of his lessor's lien and privilege upon all the property located upon the premises and to that end removed the movable property therein contained before notifying petitioner of his intention to do so.

After trial there was judgment against the defendant Dorrity and the intervener Auto Salvage Company in solido for $2,500. The provisional seizure was dissolved without damages. All parties have appealed.

It is contended on behalf of the plaintiff that the action and conduct of the defendant Dorrity and the intervener amounted in law to a recognition and an assumpsit of the existing lease between the plaintiff and the original lessee and that the lessor's privilege attached to the movable property and continued for 15 days after its removal. And in the alternative, if there was no assumpsit, under the facts shown, the defendant and the intervener are yet liable for

the rent as in tort, they having surreptitiously removed the property from the leased premises and deprived the plaintiff of his lien and privilege.

As already stated, when the property in the leased premises was seized by the bank, it was permitted to remain in the premises until it was sold to Dorrity and was never removed therefrom until Dorrity decided to vacate the premises. The business was carried on by Dorrity and the rent was paid by him after taking possession just as it had been before. Dorrity knew of the existing lease and he knew what the rent was per month. He specially agreed with the bank to pay all the rentals maturing subsequent to his taking possession and he did pay each month and received the note representing the payment as made. The payments were made to the Continental Bank & Trust Company which held the rent notes for collection as they matured.

In the letter of January 15, 1923, Dorrity admitted that he was occupying the property as a tenant of the plaintiff and inclosed a check for the January rent. And in his answer to the plaintiff's original petition he admits that he was occupying the plaintiff's property as a monthly tenant. And again in the petition of intervention filed by the Auto Salvage Company, and which is sworn to by Dorrity, the president, it is alleged that the intervener occupied the premises from the plaintiff as lessee under a month to month lease, and that it gave to the plaintiff a notice that it (intervener) desired and intended to terminate its lease on January 31, 1923, and move out.

It is also shown by the evidence that, some time after taking over the business and the possession of the leased premises, Dorrity called on the plaintiff to reduce the amount of the lease, but that the plaintiff declined to do so. No further complaint was made and Dorrity continued to pay the rent at $250 per month and receiving the lease notes, until he decided that he could get cheaper property.

[1] In view of these facts and in the light of the evidence in the record, we think it very clear that Dorrity and his successor, the Auto Salvage Company, accepted, ratified, and recognized the then existing lease and became responsible to the plaintiff for the unexpired portion thereof.

While it is claimed that the defendant and the intervener occupied the property only as a month to month lessee, there is no evidence whatever in the record to show that either of them had any such understanding with the plaintiff.

Nor is it shown that any such agreement was made with the bank. The bank was without authority to make such an agreement. If there had been a modification of the term of the original lease when Dorrity took possession of the leased premises and the same had been changed to a lease by the month, the burden of proving that fact was with the defendant and intervener, and they have not only failed to prove the fact, but have offered no evidence whatever which tends to prove it. They must therefore be held by their conduct to have accepted the terms of the original lease.

No other reasonable construction can be placed on the acts and conduct of the parties. They simply stepped into the shoes of the original lessee and became legally bound for the rent. They cannot be heard to say, while admitting that they were plaintiff's lessees, that they were only such from month to month when they had no such agreement modifying or changing the term of the lease.

Actions without words, either written or spoken, are presumptive evidence of a contract, when they are done under circumstances that naturally imply a consent to such contract. C. C. art. 1816.

So too, silence and inaction, under some circumstances, are the means of showing an assent that creates an obligation. C. C. art. 1817.

[2] Having reached the conclusion that the defendant Dorrity and the Auto Salvage Company are liable to the plaintiff as having ratified and assumed the lease, it becomes unnecessary to consider the alternative demand of the plaintiff. Nor is it necessary to consider the question as to whether the plaintiff's lien was divested by the seizure and sale of the property subject to the lien, in the foreclosure of the chattel mortgage by the bank.

All the rent was paid up to said sale and the rent falling due after the sale was secured by the lessor's privilege which attached to the property in the premises under the implied ratification of the lease by defendant and intervener. The judgment appealed from will have to be amended and recast so as to read as follows:

It is therefore adjudged and decreed that the plaintiff have judgment against B. M. Dorrity and the Auto Salvage Company, Inc., in solido in the sum of $2,500 with 8 per cent. per annum interest on each installment of rent from the time it was due until paid, beginning with the installment due February 1, 1923, and ending with the installment due November 1, 1923, together with 10 per cent. attorney fees on the principal and interest.

It is further ordered that the plaintiff's lien and privilege be recognized and enforced on the property seized under the writ of provisional seizure and that said property be seized and sold to satisfy this judgment. The defendant and intervener to pay all costs.

O'NIELL, C. J., dissents.

### On Application for Rehearing

PER CURIAM. [3] Of course defendants should receive credit for all the rent collected by plaintiff after defendants had abandoned the premises, and during the term for which they are held liable; same to be imputed as of the date when collected. Holden v. Tanner, 6 La. Ann. 74; Ledoux v. Jones, 20 La. Ann. 539; see, also, Succession of Romero, 137 La. 236, 251, 68 So. 433. But no amendment of our decree is necessary for that purpose, since such credit may be urged as a set-off against the judgment itself, in reduction and partial compensation thereof. Code of Practice, art. 373; Caldwell v. Davis, 2 Mart. (N. S.) 135.

Rehearing refused.