HIGGINS, justice.
 

 The appellee moved to dismiss the appeal on the ground that the record failed to show that the appellant applied for and obtained an order for an appeal. The appellant denies the allegation contained in the motion to dismiss and avers that the appellee is attempting to seize upon a mere inadvertence of the clerk of the district court in stating in his minutes that the receiver, instead of the opponent (appellant) to the receiver’s account was granted the order of appeal; and, in the alternative, only in the event the court should differ with the appellant in its original position, that an opportunity be granted to correct the manifest clerical error of the clerk of the district court in preparing the transcript.
 

 In the minutes of the district court there is the following entry:
 

 “September 24, 1936.
 

 “Receiver granted a sttspensive appeal, returnable to the Hon. Supreme Court of Louisiana, on or before November Sth, 1936, bond being fixed according to law.”
 

 On September 28, 1936, the appellant who had opposed the receiver’s account and whose opposition had been dismissed by the trial judge, filed a motion calling the district judge’s attention to the fact that the receiver was not a party to the appeal and that, as a money judgment had not been .rendered against the appellant, the amount of the bond was not automatically fixed by law and that the judge should fix the amount thereof. The following order was granted on the same day:
 

 “It is ordered: That the above and fore-. going suspensive appeal bond granted in the above cause be fixed at the sum of One Hundred ($100.00) Dollars.”
 

 The appellant duly filed the appeal bond but, in spite of the fact that appellant had specifically and expressly called the court’s attention to the fact that the receiver had not appealed, the clerk erroneously entered in his minutes the following:
 

 “September 28, 1936.
 

 “Motion and order fixing appeal bond filed and it was ordered that appeal bond of receiver be refixed at the sum of $100.00 for each claim against said receiver.”
 

 In connection with the .answer to the motion to dismiss, appellant also filed an affidavit by the receiver’s attorney, who stated that the receiver did not make any motion for an appeal or file any proceedings for the purpose of effecting an appeal. There is also an affidavit by the attorney for the appellant to the same effect with the further statement that he timely and properly ap
 
 *569
 
 plied for an appeal for his client and that the clerk of court, in writing his minutes, fell into error in stating that the receiver and not the appellant applied for the order of appeal.
 

 The appellee does not contradict the statements contained in these affidavits. It is obvious that the clerk committed manifest error in stating in his minutes that the appeal bond of the receiver had been refixed by the court on September 28, 1936.
 

 Under the above circumstances, it is our opinion that the record sufficiently shows that the appellant obtained the order of appeal and perfected his appeal by filing the necessary bond and transcript of the case in this court. The mistakes of the clerk of court in preparing the transcript cannot defeat the right of a litigant to an appeal. Benton v. Jacobs, 3 La.App. 274, and Succession of Pipes, Man.Unrep.Cas. 242. .
 

 For the reasons assigned, the motion to dismiss the appeal is denied at appellee’s costs.