HARDY, Judge.
This is an action in which plaintiff lessee seeks damages from the defendant lessor allegedly resulting from the forcible and unlawful removal of plaintiff’s furniture and personal belongings from the leased premises. Defendant reconvened for damages to the leased premises and for unpaid rent. From a judgment in favor of plaintiff in the principal sum of $543.75 defendant has appealed. Plaintiff has answered the appeal, seeking an increase in the amount of damages awarded, and, alternatively, damages for a frivolous appeal. The judgment of the district court further awarded defendant, as plaintiff in recon-vention, judgment in the principal sum of $46.11, which amount represented rental of the premises admittedly past due and unpaid by plaintiff, and as to this item there is no dispute.
The record discloses that in or about the month of September, 1957, plaintiff rented a residence owned by defendant located at Municipal No. 544 W. 69th Street in the City of Shreveport for an agreed rental of $55 per month; that plaintiff became unemployed early in the year 1958 and after that time his payment of rental was in arrears; that on March 15, 1958, plaintiff paid defendant the sum of $110, which covered all past due rent and advance rental to the date of April 20, 1958; that rental was subsequently paid to May 20th, and on June 30th plaintiff transmitted to defendant, by Western Union Money Order from Houston, Texas, the sum of $40 to be applied to past due rent. Plaintiff had gone to Houston seeking work, and became regularly employed in that city sometime in the month of March, 1958; late in the month of June plaintiff’s wife and children joined him in Houston.
The bulk of plaintiff’s household furniture and a number of personal belongings were left in the rented premises in Shreveport; the furniture was not only subject to the lessor’s privilege but, at the time, it was all, or partially, under mortgage to the Motor Securities Company. On July 8,1958, defendant rented the premises to another tenant and authorized the said tenant to remove plaintiff’s furniture and possessions and store them in a garage building at the rear of the premises. Pursuant to these directions the furniture was removed and stored in the garage without plaintiff’s knowledge until sometime during the month of August, when he returned to Shreveport, discovered what had happened, and, later, instituted this suit.
Plaintiff’s claims for damages are based upon specific items of damage to the furniture allegedly sustained by the unlawful removal from the residence and the storing and stacking in the garage, together with claims for damages to articles of clothing, and, finally, for humiliation and embarrassment resulting from defendant’s unlawful act.
The only legal issue presented by this appeal may be easily disposed. For more than a century the jurisprudence of this state has uniformly held that a lessor is without any right to remove the property of a tenant and take possession of leased premises without resort to legal action. Thayer v. Littlejohn, 1841, 1 Rob. 140, cited in Corliss v. Silva, 1924, 1 La.App. 283. To the same effect, Barrios v. Bango, La.App. 1951, 52 So.2d 579.
Counsel for defendant relies upon the pronouncements in Reed v. Walthers, La. App., 193 So. 253, which we think is readily distinguishable by reason of the fact that *334 the lessee in the cited case was actually-engaged in removing his property from the leased premises and the defendant lessor took steps for the protection of his rights only after his lessee had removed most of the contents of the leased premises.
Defendant further relies upon the defense of abandonment of the premises, citing Wolf v. Cuccia, 144 La. 336, 80 So. 581. Again we observe that the facts of the cited case are not apropros. In the instant case no abandonment has been established. Defendant’s action was taken only eight days after receiving a payment on rent. Plaintiff’s whereabouts could readily have been obtained and defendant could have contacted him and then taken appropriate legal action if necessary. Her failure so to do evidences the hasty, ill-advised and unlawful nature of her actions.
As to the amounts of damages claimed, plaintiff relies upon the estimates and testimony of a furniture refinisher. Defendant tendered a witness engaged in the same nature of business, but his testimony and estimates only partially covered the repair of the alleged damage. We find, as did the district judge, that the evidence is most unsatisfactory, but we cannot conclude that there is any manifest error on the part of the district judge, who fixed the quantum of damages to plaintiff’s furniture and other personal possessions in the sum of $293.75.
However, we do think our learned brother of the district court was manifestly in error in making an allowance of $250 on the ground of humiliation and embarrassment. We do not find that the record supports this claim'and, indeed, it does not evidence any nature of embarrassment or humiliation suffered by the plaintiff as the result of defendant’s untoward actions.
We are in agreement with the trial judge as to the conclusion that defendant failed to substantiate, by satisfactory evidence, her claims for alleged damage to the premises beyond ordinary wear and tear, and that such damage was caused by plaintiff-lessee. This item was properly rejected.
For the reasons assigned the judgment appealed from is amended by reducing the judgment in favor of plaintiff to the principal sum of $293.75, and, as amended, it is affirmed. Costs of this appeal are taxed against plaintiff-appellee.